PENROD, APPELLANT, *v.*
BALTIMORE & OHIO RAILROAD COMPANY, APPELLEE.

(No. 78AP-597—Decided March 6, 1979.)

*Richards, Grieser & Schafer Co., L.P.A.,* and *Mr. C. Richard Grieser,* for appellant.

*Messrs. Alexander, Ebinger, Holschuh, Fisher & McAlister* and *Mr. Patrick J. Smith,* for appellee.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

The complaint contains two claims within the Federal Employers' Liability Act for personal injury damages allegedly sustained by plaintiff-appellant, Stephen E. Penrod, by the negligence of defendant-appellee, Baltimore & Ohio Railroad Company. The trial court sustained appellee's motion to stay the action in a written decision, which reads as follows:

"This matter is before the Court on Defendant's motion to stay action for improper venue pursuant to Civil Rule 3(D).

"Without going into all of the facts and case law concerning jurisdiction, the Court finds that it does have jurisdiction of the subject matter but not over the person of the defendant and so holds.

"The pleadings and memoranda reveal the following:

"(1) The plaintiff is a resident of the State of Maryland.

"(2) The defendant is a Maryland Corporation.

"(3) The tort giving raise [*sic*] to plaintiff's cause of action occurred in the State of Maryland.

"(4) Nearly all witnesses necessary for the proper adjudication of this cause are located in the State of Maryland.

"(5) Ohio law would be controlling as to venue.

"(6) The defendant would be amenable to service of process in Maryland.

"Therefore, it is the finding of this Court that this county is not a proper forum; that there is no other proper forum for trial within this state; and that there exists a proper forum for trial in another jurisdiction outside this state, to-wit: the State of Maryland.

"It is, therefore, the order of this Court, pursuant to Civil Rule 3(D), that this action be stayed upon condition that defendant consents to the jurisdiction, waives venue, and agrees that the date of commencement of the action shall be the date of commencement for the application of the statute of limitations to the action in Maryland. (Such consent, waiver and agreement should be executed by officers of defendant authorized to do so.)

"Should defendant so agree to these conditions, the action shall be stayed until the Court receives notice by affidavit that plaintiff has recommenced the action in Maryland within sixty days after the effective date of the order staying the original action. If defendant does not agree to or comply with such conditions, this Court shall hear the action.

"A Journal Entry shall be filed by defendant reflecting these findings in accordance with Rule 39.01 of this Court."

Thereafter, appellant filed a motion for reconsideration of the stay order which was entered pursuant to the above decision. The affidavit appended thereto attests to several pertinent jurisdictional issues:

"(7) At all pertinent times stated in the complaint the defendant did and does own, maintain and control real and personal property and equipment in Franklin County, Ohio, including railroad tracks, rights of way, buildings and other railroad facilities and railroad locomotives, cars and related equipment.

"(8) At all pertinent times stated in the complaint the defendant did and does conduct extensive railroad operations in Franklin County, Ohio, including receiving, delivering and hauling railroad freight, employment of operational officers, agents and other employees engaged in those railroad operations.

"(9) The current telephone directory for Columbus and vicinity contains the following listing:

"Baltimore & Ohio R. R., See Chessie System.

"Said telephone directory shows the following under the heading of Chessie System:

| | |
|---|---|
| For Departments Not Listed Call | 443-0171 |
| Merchandise Traffic Department 360 S 3 | 221-9160 |
| Chief Dispatcher 2600 Parsons | 443-1576 |
| Crew Caller 2600 Parsons | 444-1515 |
| Terminal Trainmaster 2600 Parsons | 444-4805 |
| Trailer Serv Dept 319 N 4 | 224-7188 |
| Trainmaster 4099 E 5 | 235-0370 |
| Genl Foreman 4099 E 5 | 231-6027 |
| Asst Trainmaster 4099 E 5 | 231-6925 |
| Yardmaster 4099 E 5 | 231-6847 |

"(10) The reasonable market value of the real and personal property and equipment owned by defendant and located in Franklin County, Ohio, exceeds the amount for which judgment is demanded in the complaint of plaintiff."

Appellant's motion for reconsideration was overruled, and the complaint was dismissed in the following journal entry:

"Pursuant to the prior orders of this court, the plaintiff having failed to recommence his action in the State of Maryland within 60 days of March 21, 1978, this case is hereby dismissed without prejudice at plaintiff's costs."

This appeal has now been perfected, including the following assignments of error:

"1. The trial court erred in dismissing this action without prejudice.

"2. The trial court erred in its holding and order that Rule 3(B)(11)(a) of the Ohio Rules of Civil Procedure did not permit the venue of this action in Franklin County, Ohio.

"3. The trial court erred in its holding and order that Rule 3(B)(11)(b) of the Ohio Rules of Civil Procedure did not permit the venue of this action in Franklin County, Ohio.

"4. The trial court erred in its holding and order that it did not have personal jurisdiction over the defendant-appellee."

In sum, appellant contends that the Court of Common Pleas of Franklin County has both personal jurisdiction and venue to adjudicate this case. Conversely, appellee contends that such position is contrary to the basic purposes and policies of the venue provisions of the Ohio Rules of Civil Procedure. Nonetheless, Civ. R. 3(B)(11) reads as follows:

"(11) If there is no available forum in subsections (1) through (10) of this subdivision:

"(a) In a county in which defendant has property or debts owing to him subject to attachment or garnishment;

"(b) In a county in which defendant has appointed an agent to receive service of process or wherein such agent has been appointed by operation of law."

Thus, the language of the rule is quite definite. Moreover, as noted above, appellee does have considerable property in this jurisdiction. The Ohio Supreme Court may, of course, change the rule. Public policy, as such, becomes an issue only when the rule is not clear. That is not actually the circumstance in this case. Moreover, the Supreme Court, in the second paragraph of the syllabus of *Perkins* v. *Benguet Consolidated Mining Co.* (1952), 158 Ohio St. 145, stated:

"2. Where jurisdiction is not limited by statute to causes of action arising within this state, an action on a transitory cause may be maintained in the courts of this state by a nonresident against a foreign corporation doing business here, although the cause did not arise here or relate to the corporation's business transacted here."

In addition, the Supreme Court wrote in that decision, at pages 147-148, as follows:

"Although there is a division of authority on the subject, the majority rule and the better reasoned view are well summarized in the following statement in 23 American Jurisprudence, 502, Section 496:

"'The weight of modern authority supports the proposition that where jurisdiction is not limited by statute to causes of action arising within the state, an action may be maintained against a foreign corporation in the state or federal courts within a state in which it is doing business, by a resident or a nonresident of the state or by another foreign corporation, on any transitory cause of action, even though the cause of action

arose neither within the state nor out of the business done by the corporation therein. In other words, a foreign corporation may be sued on a transitory cause of action in any jurisdiction where such corporation can be found, and the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served. The mere fact that the cause of action arose outside, or out of transactions beyond the limits of, the state where the action is brought does not, according to the weight of authority, prevent effective service of process upon an actual agent or officer of the corporation where the other conditions of service are satisfied.'"

Consequently, aside from the plain language of the rule, as noted above, it is not public policy in Ohio to preclude courts from adjudicating cases solely because the parties are nonresidents and the cause of action did not arise within Ohio jurisdiction.

The Supreme Court, in *Wainscott* v. *St. Louis-San Francisco Ry. Co.* (1976), 47 Ohio St. 2d 133, also addressed the issue of *in personam* jurisdiction over foreign corporations, in the first and second paragraphs of the syllabus as follows:

"1. The due-process clause of the Fourteenth Amendment to the United States Constitution requires a determination that a foreign corporation has certain minimum contacts with Ohio such that it is fair that a defendant defend a suit brought in Ohio and that substantial justice is done.

"2. Compliance with Civ. R. 4.2(6), providing for service of process upon both domestic and foreign corporations and not limiting service of process to causes of action arising within this state, does not eliminate or abolish the due-process requirement that the necessary minimum contacts exist in order for Ohio courts to acquire *in personam* jurisdiction."

The record shows that service of process was obtained under the Civil Rules. The record also shows that appellee has sufficient contacts with Ohio to make it fair and reasonable for it to appear and defend this action in Ohio courts. Appellee maintains and controls the railroad yards, equipment, track, and facilities in this state. It also conducts operations within this state as a part of its overall interstate transportation system. Thus, the maintenance of this action will not of-

fend "traditional notions of fair play and substantial justice." (*International Shoe Co.* v. *Washington* [1945], 326 U. S. 310, 317.) Therefore, the trial court has jurisdiction in this case.

The Civil Rules determine the issue of venue. The parties agree that subsections (B)(1) through (B)(10) of Civ. R. 3, which is the venue rule, are inapplicable to the particular facts herein. Hence, Civ. R. 3(B)(11), as quoted above, is controlling.

Appellee is a public utility engaged in interstate commerce in Ohio. Hence, its property located in this state may be attached under R. C. 2715.01 for claims based upon personal injury caused by its negligence or wrongful acts. (Note R. C. 1703.01; R. C. 1703.20.) Therefore, considering the specific language of the venue rule of the Civil Rules and also the Supreme Court's decision in *Perkins, supra,* we find that Civ. R. 3(B)(11)(a) was expressly intended to provide a forum to appellant, assuming jurisdiction over the person and subject matter is properly obtained.

Whereupon, appellant's assignments of error are well taken and sustained. The judgment is reversed and the cause remanded to the trial court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH, P. J., and McCORMAC, J., concur.