SINGLETON ET AL., APPELLANTS, *v.* DENNY'S, INC., D.B.A. DENNY'S RESTAURANT NO. 740, APPELLEE.

(No. 12842 — Decided April 8, 1987.)

*Eugene L. Oestreicher,* for appellants.
*Ronald J. Deery,* for appellee.

GEORGE, J. Plaintiffs-appellants, William and Eloise Singleton, appeal the dismissal of their personal injury action against Denny's, Inc., d.b.a. Denny's Restaurant No. 740.

The complaint alleges Mr. Singleton developed a severe case of food poisoning after eating breakfast at a Denny's Restaurant in Dallas, Texas. As a result, the complainant asserts that he was hospitalized for two days and suffered symptoms for several weeks which prevented him from working, interrupted vacation plans, and interfered with social activities. His wife asserts deprivation of companionship, affection and consortium.

226

At the time the suit was filed, the Singletons were residents of Washington, D.C. The complaint was filed in the Summit County Court of Common Pleas and service was obtained upon the defendant's statutory agent, Prentice Hall Corporate Systems, in Cuyahoga County. Upon motion of the defendant, the trial court dismissed the suit. This court reverses.

## Assignment of Error

"The trial court erred in granting defendant's motion to dismiss for lack of a proper forum in Ohio."

The record does not reveal the reason why the trial court granted defendant's motion to dismiss. However, the basis of defendant's motion was lack of a proper forum. Defendant argued to the trial court that the Singletons had improperly brought their action in Summit County since they were not residents of the county and the injury complained of had occurred in another state. In support of this contention, defendant cites Civ. R. 3(B)(7), which provides that the proper forum shall be the county of plaintiff's residence where service is obtained pursuant to Civ. R. 4.3. Civ. R. 4.3 governs procedure for out-of-state service.

Defendant properly states the rule, but the premise is faulty. Although service was had on defendant in Dallas by way of certified mail, it was also had by certified mail on defendant's designated agent authorized to receive service of process for the corporation in Ohio. Civ. R. 4.2(6). Thus, service was properly made in Ohio. Civ. R. 3(B)(7) is not applicable.

Defendant argues that other sections of Civ. R. 3(B) require plaintiffs to file their action in either Washington, D.C. or Dallas. This is not mandated by the rule, however. The rule sets forth counties which are proper forums for lawsuits filed in Ohio. It was drafted to give preference to certain forums, such as defendant's place of residence or the place where the claim for relief arose, when those places are in Ohio. *Varketta* v. *General Motors Corp.* (1973), 34 Ohio App. 2d 1, 63 O.O. 2d 8, 295 N.E. 2d 219. But it does not deny plaintiffs the right to file a claim in Ohio if those particular locations are not in Ohio.

The Singletons assert proper forum is available to them under Civ. R. 3(B)(11)(a), which provides:

"* * * Proper venue lies in any one or more of the following counties:

"* * *

"(11) If there is no available forum in subsections (1) through (10) of this subdivision:

"(a) In a county in which defendant has property or debts owing to him subject to attachment or garnishment[.]"

Defendant argues the Singletons cannot bring their suit under Civ. R. 3(B)(11), because other forums in subsections (1) through (10) are available to them. But none of those locations claimed by defendant to be available to plaintiffs is in Ohio. That being the case, plaintiffs are permitted to bring the action pursuant to Civ. R. 3(B)(11).

Drafters of the rules recognized that the law favors suits in locations where the defendant resides or has a close connection or in places where the claim for relief arose or the subject of the action is located. Staff Notes (1970) to Civ. R. 3. That is why the rule was drawn to give a very low priority to a forum where the only connection to defendant is that he has property or debts owed him that may be subject to attachment or garnishment. McCormac, Ohio Civil Rules Practice (1970) 19, Section 2.14:

"* * * Venue is proper for this reason only if both plaintiff and defendant are nonresidents and the cause of action arose outside the state. * * *"

*Penrod* v. *Baltimore & Ohio RR. Co.* (1979), 64 Ohio App. 2d 216, 18 O.O. 3d 164, 412 N.E. 2d 949, is on point. That case was brought by a Maryland resident against a Maryland corporation and involved injuries allegedly sustained in Maryland. None of the other forums in Civ. R. 3(B)(1) through (10) was available to the plaintiff. The corporation, a railroad, owned real and personal property in Franklin County, however, and conducted railroad operations there. The court found service had been obtained under the Civil Rules and the trial court had subject matter jurisdiction. Thus, the court concluded that venue was proper under Civ. R. 3(B)(11)(a), notwithstanding that the parties were not residents of the state and the cause of action did not arise in Ohio:

"* * * [I]t is not public policy in Ohio to preclude courts from adjudicating cases solely because the parties are nonresidents and the cause of action did not arise within Ohio jurisdiction." *Id.* at 220, 18 O.O. 3d at 167, 412 N.E. 2d at 951.

As noted above, plaintiffs here obtained service of process in Ohio under Civ. R. 4.2(6). Furthermore, it is uncontroverted that the defendant, as alleged in the complaint, conducts business in the state and in Summit County. Thus, the due process requirement that the necessary minimum contacts exist so as to make it fair and reasonable for the nonresident to appear and defend in this forum has been met. *Internatl. Shoe Co.* v. *Washington* (1945), 326 U.S. 310, 317; *Wainscott* v. *St. Louis-San Francisco Ry. Co.* (1976), 47 Ohio St. 2d 133, 1 O.O. 3d 78, 351 N.E. 2d 466.

The trial court had subject matter jurisdiction under the authority of *Perkins* v. *Benguet Consolidated Mining Co.* (1952), 158 Ohio St. 145, 48 O.O. 87, 107 N.E. 2d 203, paragraph two of the syllabus:

"Where jurisdiction is not limited by statute to causes of action arising within this state, an action on a transitory cause may be maintained in the courts of this state by a nonresident against a foreign corporation doing business here, although the cause did not arise here or relate to the corporation's business transacted here."

Therefore, venue was proper in the Summit County Court of Common Pleas under Civ. R. 3(B)(11)(a).

Even if venue were not proper in Summit County or anywhere else in Ohio, the Civil Rules do not call for dismissal of the suit on that basis. The proper procedure is to transfer the case to the proper forum within the state if one is available, pursuant to Civ. R. 3(C)(1). If the court finds that there is no proper forum for trial within the state, it must, with the agreement of all defendants, stay the action to give plaintiff time to recommence the action in the proper forum. Civ. R. 3(D). Only if plaintiff fails within sixty days to recommence the action in the out-of-state forum may the court dismiss the action. *Price* v. *Wheeling Dollar Savings & Trust Co.* (1983), 9 Ohio App. 3d 315, 9 OBR 581, 460 N.E. 2d 264.

On the basis of the foregoing, this court finds the assignment of error to be well-taken. The order of the trial court dismissing the matter is vacated and the case is remanded for further proceedings.

*Judgment vacated and case remanded.*

QUILLIN, P.J., and MAHONEY, J., concur.