### Ridenour v. Ivory Inc.
*[Cite as 2 AOA 440]*

*Case No. 56902*
*Cuyahoga County, (8th)*
*Decided April 19, 1990*

*Civ. R. 3(B)*

*Keith D. Weiner, 75 Public Square, Suite 920 Cleveland, Ohio 44113, For Plaintiff-Appellant.*

*Donald F. Woodcock, Richard P. Goddard, Thomas R. Coerdt Calfee, Halter & Griswold, 1800 Society Building Cleveland, Ohio 44114, For Defendant-Appellee.*

JACKSON, J.

The plaintiff appeals from the trial court's dismissal for improper venue[1] of his personal injury claim against the defendant truck driver and transportation company. In his complaint, the plaintiff alleged that he incurred injuries as a result of a collision in Indiana between his automobile and a truck operated by the truck driver and leased by the transportation company. In two assignments of error, he challenges the trial court's dismissal order. We find that the trial court improperly dismissed the plaintiff's complaint since improper venue does not constitute an immediate basis for dismissal.

#### I.
The plaintiff, in his complaint, stated a negligence claim against the truck driver, a vicarious liability negligence claim against the transportation company, and a negligent hiring claim against the transportation company.

The collision occurred in Indiana on May 29, 1986. The plaintiff is a resident of Cuyahoga County and an Ohio citizen. The truck driver resides in Oklahoma. The transportation company is an Indiana corporation which has its principal place of business outside of Ohio. The company employed the truck driver at the time of the accident. The plaintiff alleged in his complaint that both defendants regularly transact business in Ohio and derive substantial revenue from services rendered in Ohio.

The defendants, in their answers, asserted as affirmative defenses lack of venue and lack of personal jurisdiction.

#### II.
The defendants moved for dismissal based upon improper venue. The trial court granted the motion, dismissing the plaintiff's claim without prejudice. We note that while a party may not appeal from a grant or denial of a motion to change venue, dismissal of an action based upon improper venue constitutes a final appealable order. Cf. *Singleton* v. *Denny's Inc.* (1987), 36 Ohio App. 3d 225, 226 (court of appeals reviewed dismissal based upon improper venue).

The plaintiff argues that proper venue lies in Cuyahoga County since he resides in this county. We agree. Civ. R. 3(B) provides the guidelines for determining where proper venue lies. The parties do not dispute that venue cannot be established under the first nine subsections of Civ. R. 3(B). However, venue can be established under Civ. R. 3(B)(10). That "catch-all" subsection provides that proper venue lies in the county in which the plaintiff

resides where there is no available forum under subsections one through nine of the rule. Civ. R. 3(B)(10).

Even if venue were not proper in Cuyahoga County or any other county in Ohio, the trial court could not properly dismiss the plaintiff's action.

"If the court finds that there is no proper forum for trial within the state, it must, with the agreement of all defendants, stay the action to give plaintiff time to recommence the action in the proper forum. Civ. R. 3(D). Only if plaintiff fails within sixty days to recommence the action in the out-of-state forum may the court dismiss the action." *Singleton* v. *Denny's Inc., supra,* at 227; see, also, Civ. R. 3(D); *Price* v. *Wheeling Dollar Savings & Trust Co.* (1983), 9 Ohio App. 3d 315, 316.

Here, the defendants specifically requested a stay in their motion to dismiss. Since the defendants expressly agreed to a stay of the proceedings pending the plaintiff's recommencement of the action in an out-of-state forum, the trial court erred in dismissing this action without following this procedure. We hereby reverse the trial court's judgment and remand the cause for further proceedings.

*Judgment reversed,*
*and cause remanded.*

NAHRA, P.J., and
ANN McMANAMON, J., Concur.

*JUDGE JAMES W. JACKSON, Lake County Common Pleas Court, sitting by assignment.

---

[1] The defendants argue on appeal that the trial court dismissed the action for want of personal jurisdiction. However, the defendant, in their motion, specified improper venue as the ground for relief. While the trial court failed to state the basis for its dismissal order, the trial court specifically granted the defendants' motion. The plaintiff appealed from this judgment. Six days following the journalization of the dismissal order, the defendants filed a motion to dismiss the action on the ground of lack of personal jurisdiction. The record discloses that the trial court did not rule on that motion prior to the filing of this appeal.

We presume that the trial court dismissed the plaintiff's claim based upon improper venue since the defendants based their initial motion upon this ground and since that was the only motion before th court when it journalized its dismissal order. See *Singleton* v. *Denny's Inc.* (1987), 36 Ohio App. 3d 225, 226. Moreover, this court shall not address the issue of personal jurisdiction since the trial court has yet to address that issue. A reviewing court should not address issues which have not been decided in the lower court. *Mills-Jennings of Ohio, Inc.* v. *Liquor Control. Comm.* (1984), 16 Ohio App. 3d 290, 293.