In May, 1998 the Relator herein was declared a parole violator by the Ohio Adult Parole Authority. Relator was violated for having cocaine in his system in violation of his parole rules. Relator alleges that he did not receive effective assistance of counsel and that he was denied the witnesses in his behalf which he had requested for his parole violation hearing.
Relator has requested a Petition for a Writ of Mandamus to force the Respondents to provide him with "due process" or outright release. Relator has also requested a "Temporary Restraining Order" for an unexplained purpose.
Respondent has answered with a Motion to Dismiss for noncompliance with R.C. 2969.21 to 2969.27, and for failure to state a claim in mandamus.
The Court of Appeals for Scioto County addressed an analogous situation in State ex rel. Bickerstaff v. Ohio Adult Parole Auth.
(Sept. 11, 1987), Scioto App. No. 1667, unreported. InBickerstaff, the petitioner, a prisoner, sought a writ of mandamus from the appellate court ordering the Parole Authority to credit him with time served in the Cuyahoga County Jail while he waited transportation to the Ohio State Reformatory. The court found that venue was improper. The court reasoned that Bickerstaff's cause of action arose in Franklin County since this is where the Parole Autuority conducted business and where the alleged wrong occurred.
In this case, we do not know where Robertson was originally sentenced. However, the actual harm he alleges was not caused by his sentencing. The harm he asserts has allegedly been caused by the manner in which the Ohio Adult Parole Authority conducted its revocation hearing. Thus, based on Bickerstaff, Robertson's cause of action arose where the Ohio Adult Parole Authority conducts its business and where the alleged wrong occurred. See, also,State of Ohio ex rel. Ed Davis v. Margarette Ghee(March 9, 1998), Mahoning App. No. 97-CA-94, unreported.
Note that Civ.R. 3(C)(1) does not mandate dismissal based upon improper venue. The proper procedure is to transfer the case to the proper forum within the state if one is available, pursuant to Civ.R. 3(C)(1). See, also, Singleton v. Denny'sInc.(1987) 36 Ohio App.3d 225, 227.
Accordingly, this case is transferred to the Tenth District Court of Appeals for Franklin County where venue is proper.
No costs taxed.
 ----------------------------------- JUDGE GENE DONOFRIO
 ----------------------------------- JUDGE JOSEPH J. VUKOVICH
 ___________________________________ JUDGE CHERYL L. WAITE