**TERRELL, Appellant,**

v.

**WHITE, Pros. Atty., Appellee.**

[Cite as *Terrell v. White* (1995), 104 Ohio App.3d 789.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2362–M.

Decided June 21, 1995.

*William Terrell, pro se.*

*M. Robert Flanagan,* for appellee.

---

REECE, Judge.

William Terrell appeals the trial court's dismissal of his complaint for lack of subject matter jurisdiction. We reverse and remand.

## I

William Terrell, *pro se,* sued Gregory White, the Lorain County Prosecuting Attorney, in the Medina County Court of Common Pleas. Terrell alleged that White should be removed from office for misconduct in violation of R.C. 309.05. The Medina County Court of Common Pleas found that it lacked subject matter jurisdiction and dismissed Terrell's claim. Terrell now appeals.

## II

Terrell, *pro se,* does not formally assign error on the part of the trial court. He does contend that the trial court improperly dismissed his claim.

R.C. 309.05 provides:

"On complaint, in writing, signed by one or more taxpayers, containing distinct charges and specifications of wanton and willful neglect of duty or gross misconduct in office by the prosecuting attorney, and filed in the court of common pleas, the court shall assign the complaint for hearing and shall cause reasonable notice of such hearing to be given to the prosecuting attorney of the time fixed by the court for the hearing. At the time so fixed, or to which the court adjourns the hearing, such court shall hear the evidence adduced by the complainants and the prosecuting attorney. If it appears that the prosecuting attorney has willfully and wantonly neglected to perform his duties, or has been guilty of gross misconduct in office, the court shall remove him from office and declare such office vacant. Otherwise the complaint shall be dismissed, and the court shall render judgment against the losing party for costs."

In Ohio, a court of common pleas is a court of general jurisdiction. See Section 4, Article IV, Ohio Constitution; R.C. 2305.01. Pursuant to its constitutional and statutory jurisdiction, a court of common pleas possesses original jurisdiction over civil actions commenced against counties and their agencies. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph one of the syllabus. Consequently, when a complainant pursues an action against the county prosecuting attorney under R.C. 309.05, a

court of common pleas maintains jurisdiction to entertain the complaint. Thus, the Medina County Court of Common Pleas possessed jurisdiction to hear Terrell's complaint. See *Graham v. Stein* (1894), 18 Ohio C.C. 770, 773, 4 Ohio Cir. Dec. 140, 143 (holding that the filing of a complaint against the prosecuting attorney for misconduct grants "jurisdiction to proceed").

■ The Medina County Court of Common Pleas, however, was not the proper forum in which to bring the complaint. The appellee argues that venue did not lie in the Medina County Court of Common Pleas. We agree. Venue is established by meeting the requirements of Civ.R. 3(B). Under Civ.R. 3(B)(4), venue is proper in the county in which a public officer maintains his principal office if the suit is brought against the officer in his official capacity. Because Terrell's complaint was brought against the appellee in his official capacity and the appellee does not maintain his principal office in Medina County, venue did not lie in the Medina County Court of Common Pleas.

Although venue was not proper, the Medina County Court of Common Pleas erred by dismissing the complaint. Civ.R. 3(C)(1) does not mandate dismissal because of improper venue. *State ex rel. Schrader v. Vilevac* (Sept. 28, 1994), Summit App. No. 16710, unreported, at 3, 1994 WL 527889. If venue was improper, then, as this court has stated, "[t]he proper procedure is to transfer the case to the proper forum within the state if one is available, pursuant to Civ.R. 3(C)(1)." *Singleton v. Denny's, Inc.* (1987), 36 Ohio App.3d 225, 227, 522 N.E.2d 1097, 1100. Thus, the Medina County Court of Common Pleas should have transferred the case to the proper forum.

### III

Accordingly, the judgment of the Medina County Court of Common Pleas is reversed. This case is remanded to the Medina County Court of Common Pleas for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and DICKINSON, J., concur separately.

DICKINSON, Judge, concurring.

I concur with the opinion of the majority. I write separately only to note that improper venue is waived if not properly raised. In this case, the trial court *sua sponte* dismissed plaintiff's claim before defendant had an opportunity to raise the defense of improper venue.

QUILLIN, P.J., concurs in concurring opinion.