[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This dispute arose out of a stock-purchase agreement between Deaconess HomeCare, Inc., and Mark Waters. Deaconess purchased Elk Valley Affiliates, Inc., of Tennessee, which had been owned by Waters, a Tennessee resident with no ties to Ohio. As part of that agreement, Deaconess paid Waters a certain sum, with the balance to be paid in installments. Additionally, Elk Valley entered into an employment contract with Waters. Part of the employment contract included a forum-selection clause stating that any employment-related disputes would be decided in Ohio courts based upon Ohio law.
When Deaconess failed to pay Waters the balance on the purchase of his company, and Elk Valley terminated Waters's employment, Waters filed suit against both Deaconess and Elk Valley in Tennessee state court, claiming a breach of contract. Deaconess attempted to remove the case to federal court, but, due to a lack of diversity jurisdiction, the federal court returned the matter to state court. Deaconess and Elk Valley then filed suit against Waters in Hamilton County, Ohio, also claiming breach of contract. Deaconess and Elk Valley included in their complaint claims against Pearlman, Nebben Associates, P.C., alleging that the accounting firm had committed fraud by misrepresenting to Deaconess the financial status of Elk Valley prior to its purchase by Deaconess.
Deaconess and Elk Valley now appeal to this court, claiming that the trial court erred in dismissing their suit against Waters and Pearlman Nebben. Deaconess and Elk Valley claim that the trial court did have in personam jurisdiction over both defendants, that the trial court should not have deferred to the pending Tennessee action, and that the Ohio forum was a convenient forum for a trial.
The Tennessee state court first acquired jurisdiction in this matter, with the right to adjudicate all claims between the parties, because the claims brought by Deaconess and Elk Valley in the Ohio suit are essentially the same as those brought by Waters in his action against Deaconess and Elk Valley in Tennessee. Therapy Partners of Am., Inc. v. Health Partners, Inc.
(1998), 129 Ohio App.3d 572, 718 N.E.2d 518, citing Whitehall exrel. Wolfe v. Ohio Civ. Rights Comm. (1995), 74 Ohio St.3d 120,656 N.E.2d 684. Since the matter was first brought in Tennessee state court, any questions regarding jurisdiction must be resolved by the Tennessee court. Thus, the trial court here did not have jurisdiction and was correct in dismissing the suit Deaconess brought against Waters. The third assignment of error is overruled.
Although Deaconess and Elk Valley correctly argue that Waters consented to the adjudication of employment-related disputes in Ohio, that alone does not confer jurisdiction in Ohio. To begin with, Waters executed the employment contract with Elk Valley, not Deaconess. Thus, Deaconess is not a real party in interest for any employment-related claims, and the trial court correctly dismissed Deaconess's employment-related claims against Waters. Second, although the employment contract contained a forum-selection clause, the contract was not a commercial contract requiring enforcement without looking at other factors. SeeBarrett v. Picker International, Inc. (1990), 68 Ohio App.3d 820,589 N.E.2d 1372.
Forum-selection clauses are generally enforceable unless they are invalid due to fraud or overreaching, or unless enforcement would be unreasonable and unjust. See M/S Bremen v. Zapata Off-ShoreCo. (1972), 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513,523; Kennecorp Mtge. Brokers, Inc. v. Country Club ConvalescentHosp., Inc. (1993), 66 Ohio St.3d 173, 610 N.E.2d 987; Albert v.Kodee Technologies (1997), 117 Ohio App.3d 796, 691 N.E.2d 732;Barrett, supra. No evidence of fraud or overreaching exist in this case; however, it would be unreasonable to enforce this forum-selection clause, because (1) Tennessee law controls the dispute; (2) both parties are Tennessee residents; (3) the contract was executed in Tennessee; (4) all of the witnesses are in Tennessee; and (5) Ohio is not a convenient forum for the parties or the witnesses. Although a trial court, pursuant to Civ.R. 3(D), may stay a matter pending commencement of the action in the proper forum, that was not required in this case because the Tennessee action was already pending. In addition, for the same reasons that the forum-selection clause is not enforceable, we hold that the doctrine of forum non conveniens applies and that the trial court did not abuse its discretion in following that doctrine. See Chambers v. Merrell-Dow Pharmaceuticals, Inc.
(1988), 35 Ohio St.3d 123, 519 N.E.2d 370, paragraph one of the syllabus. Therefore, the first and fourth assignments of error are overruled.
As for the claims by Deaconess and Elk Valley against Pearlman Nebben, there is nothing in the record to demonstrate that Pearlman Nebben is subject to jurisdiction in Ohio for any act, contract, or business conducted in Ohio. Thus, Pearlman Nebben is not subject to Ohio's long-arm statute, R.C. 2307.382, and the trial court correctly granted Pearlman Nebben's motion to dismiss for lack of in personam jurisdiction. Consequently, we overrule the second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.