JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellants, Eugene B. Abel, et al. ("Appellants"), appeal from the judgment of the trial court which dismissed with prejudice their consolidated causes of action against defendant-appellee, Safety First Industries, Inc. ("Safety First").[1]
For the reasons set forth below, we affirm in part the judgment of the trial court and reverse in part and remand.
 {¶ 2} Safety First was a Pennsylvania corporation, licensed to do business in the State of Ohio until March 9, 1990.[2] Subsequently, the underlying 27 consolidated cases were filed in the Cuyahoga County Court of Common Pleas between 1993 and 2000. The 767 plaintiffs alleged injuries caused by exposure to asbestos and/or asbestos-containing products manufactured and/or supplied by the various defendants, including Safety First.
 {¶ 3} In 24 out of the 27 cases,[3] the Appellants attempted to serve Richard M. Grudzinski ("Grudzinski") of Peat Marwick Thorne, Inc., ("Peat Marwick Thorne"), either alone or in combination with other service addresses. The Appellants claim that Peat Marwick Thorne is the receiver of the bankrupt Imperial Optical Company, Ltd. ("Imperial Optical"). The Appellants believe Imperial Optical to be the parent company of Safety First. After receiving the complaints, Peat Marwick Thorne filed letters in six of the consolidated cases[4] stating that (1) it had no authority to take any action on behalf of Safety First, (2) that Imperial Optical was not the statutory agent, officer, managing or general agent for Safety First, (3) Safety First did not conduct business at the address where Imperial Optical was served, and (4) that prior or continued service on Peat Marwick Thorne regarding Safety First did not, and would not, result in the suits being brought to the attention of Safety First.
 {¶ 4} In all, the Appellants attempted to serve Safety First at a combination of addresses including (1) Grudzinski at Peat Marwick Thorne in Toronto, Ontario, Canada; (2) Safety First's former registered office on Vista Park Drive in Pittsburgh, Pennsylvania;[5] and (3) Safety First's trial counsel, Joseph Schaper ("Schaper"), in Pittsburgh, Pennsylvania.
 {¶ 5} The docket evidences service in the consolidated cases, as follows: (1) no return of service;[6] (2) moved;[7] (3) service at the Vista Park address which failed for various reasons;[8] (4) service signed by "other" in the Holman case; (5) service signed by "other" at the office of Grudzinski at Peat Marwick Thorne;[9] and (6) service signed by "other" at the office of Schaper and Grudzinski.[10]
 {¶ 6} Safety First did not file answers to the complaints in any of the underlying cases and denies that it participated on the merits in any way prior to the filing of either its notices of appearance or its motion to strike the complaint, or in the alternative, to dismiss.[11]
 {¶ 7} On April 10, 2001, Safety First filed its motion to strike the complaint, or in the alternative, to dismiss, alleging that the trial court lacked personal jurisdiction over it due to insufficient service of process of the complaints in all of the underlying cases.
 {¶ 8} The Appellants filed their response and claimed that Safety First was properly served with the complaints and that even if service was improper, Safety First made an appearance in the cases and defended on the merits, thereby submitting itself to personal jurisdiction. In the alternative, the Appellants argued that they should be permitted to conduct discovery in order to determine whether Safety First was properly served. The Appellants also argued that in the event the trial court dismissed the actions, the dismissals should be without prejudice.
 {¶ 9} On October 22, 2001, the trial court held a hearing on Safety First's motion. On October 23, 2001, the court issued its order granting Safety First's motion to dismiss with prejudice for failure to commence the action within the statute of limitations. The Appellants appeal this order and submit two assignments of error for our review, the first of which is as follows:
 {¶ 10} "The trial court erred in granting Safety First Industries, Inc.'s motion to strike the complaint or in the alternative to dismiss."
 {¶ 11} At the outset, we note that the Appellants have not submitted an assignment of error or argument contending that they perfected service on Safety First. See App.R. 16. Thus, we do not make the determination of whether the trial court abused its discretion when it found insufficient service of process on Safety First. The single issue Appellants raise under this assignment of error is whether the trial court should have permitted the Appellants to take discovery concerning the sufficiency of service upon Safety First in the underlying actions. Relying on R.C. 1701.88(C), the Appellants argue that, because Safety First had ceased to do business, they properly served the liquidator of its parent company, Imperial Optical.
 {¶ 12} R.C. 1701.88(C) provides, in part:
 {¶ 13} "(C) Any process, notice, or demand against the corporation may be served by delivering a copy to an officer, director, liquidator, or person having charge of its assets or, if no such person can be found, to the statutory agent."
 {¶ 14} Appellants presented the affidavit of their counsel, Mark Meyer, who stated that he had been litigating and negotiating with Safety First over the past 11 years in Cambria County, Pennsylvania and Ohio. Meyer stated that Safety First's former counsel had informed him that Grudzinski was the liquidating agent for the company who had assumed ownership of Safety First. Based on this information, Meyer petitioned the Cambria County, Pennsylvania court for, and obtained, an order specifying that service on Safety First was perfected via Grudzinski.[12]
 {¶ 15} The Appellants argue that they believed Imperial Optical to be Safety First's parent company, and as the receiver for Imperial Optical, Grudzinski would be in charge of the assets of Safety First. The Appellants state that in accordance with the service method directed in R.C. 1701.88(C), Peat Marwick Thorne is the liquidator having charge of the assets of Safety First. Further, the Appellants argue that Peat Marwick Thorne's letter denying service does not deny that Imperial Optical is Safety First's parent company or that Grudzinski is Imperial Optical's receiver.
 {¶ 16} On March 12, 2001, in order to determine the sufficiency of the service of process in the consolidated actions, the Appellants served discovery requests to Safety First's counsel, requesting that Safety First respond to interrogatories pursuant to Civ.R. 33 and appear for depositions pursuant to Civ.R. 30(B)(5). On April 10, 2001, Safety First filed its motion to strike, or in the alternative, to dismiss. Safety First refused to respond to the discovery requests or appear for deposition and on August 10, 2001, the Appellants filed their motion to compel discovery. In response, Safety First filed its brief in opposition and a motion for protective order pursuant to Civ.R. 26(C). The trial court did not make express rulings on the Appellants' motion to compel or Safety First's motion for protective order. By failing to rule on the motions, and by dismissing the consolidated actions, we presume that the trial court overruled them. State, ex rel. The V. Companies v. Marshall
(1998), 81 Ohio St.3d 467. However, the Appellants do not assign error to the trial court's denial of their motion to compel.
 {¶ 17} The Appellants argue that it was manifestly unjust to dismiss their claims without allowing them the opportunity to provide evidence, through discovery, that Safety First was properly served via Grudzinski. The Appellants rely on Friedman v. Speiser, Krause Madole, P.C. (1988), 56 Ohio App.3d 11, for the proposition that they should have been permitted to conduct discovery. In Friedman, this court stated:
 {¶ 18} "Since matters of jurisdiction are often not apparent on the face of the summons or pleadings, evidentiary hearings are an appropriate vehicle for resolving such issues. In deciding the merits of the defense, the court may hear the matter on affidavits, depositions, interrogatories, or receive oral testimony." Friedman at 13-14. See also, Giachetti v. Holmes (1984), 14 Ohio App.3d 306.
 {¶ 19} The Friedman and Giachetti cases are distinguishable in that both involve questions of whether the requirements for personal jurisdiction had been met under Civ.R. 4.3, where there had beeneffective service of process on the non-resident defendants. In the instant actions, service of process was not effective. Further, Friedmanand Giachetti do not require the trial court to permit plaintiffs the opportunity to conduct discovery in order to determine the proper party for service of process. Friedman and Giachetti reviewed the issues of personal jurisdiction with respect to the sufficient minimum contacts and business activities those defendants had within the State of Ohio. Here, the primary issue is who may be properly served under Civ.R. 4.2,[13]
with the underlying issue of whether such service subjected Safety First to the personal jurisdiction of the court.
 {¶ 20} Safety First argues that it was not required to respond to discovery requests because it was not a party to the actions due to the failure of service of process. We reject Safety First's argument that it is not a party to the consolidated actions, but agree that it was not required to respond to the discovery requests. A review of Civ.R. 4(A) and 4(C) illustrates that Safety First, a named defendant, became a "party" to the action upon the filing of the complaints.
 {¶ 21} Civ.R. 4(A) provides: "Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption. Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant."
 {¶ 22} Civ.R. 4(C) provides: "For the purposes of issuance and service of summons `plaintiff' shall include any party seeking the issuance and service of summons, and `defendant' shall include any party upon whom service of summons is sought.
 {¶ 23} As Safety First was a party to the actions, we must determine whether the court should have compelled it to respond to the Appellants' discovery requests. We find guidance in Civ.R. 30 and Civ.R. 33 governing depositions and interrogatory requests.
 {¶ 24} Civ.R. 30(A) provides, in part: "After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. * * *"
 {¶ 25} Civ.R. 33 provides, in part: "* * * Interrogatories, without leave of court, may be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon the party."
 {¶ 26} In light of the express language in the civil rules, it is clear that Safety First became a "party" to the underlying actions upon the filing of the complaints naming it as a defendant. However, interrogatories and notices of deposition requests could only be made after the commencement of the actions.
 {¶ 27} Civ.R. 3(A) provides, in part: "a civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, * * *."
 {¶ 28} The trial court ruled that the Appellants failed to commence the actions within the statute of limitations, based on the Appellants failure to obtain service of process over Safety First. Therefore, since the discovery requests were made prior to the commencement of the within actions, such discovery requests did not comply with the Civil Rules. Further, "it is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." Lincoln Tavern, Inc. v.Snader (1956), 165 Ohio St. 61, 64. Therefore, without jurisdiction over Safety First, any judgment compelling Safety First to respond to discovery requests would be void.
 {¶ 29} It is the Appellants duty to perfect service of process upon Safety First. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 159. The Appellants began filing their consolidated actions against Safety First in 1993 and began receiving notices from the court that service failed for various reasons. Further, the Appellants were put on notice of the insufficient service by the letter denying that Grudzinski had the authority to accept service. Certainly, there was an abundance of time in which the Appellants could have sought information as to proper service on Safety First pursuant to the subpoena power under Civ.R. 45. However, rather than make further attempts at proper service, the Appellants relied on the Pennsylvania court's ruling that service was perfected via Grudzinski, and continued to attempt service on Safety First in the same manner.
 {¶ 30} We find no error by the trial court when it dismissed the actions prior to compelling Safety First to respond to the interrogatories and appear for depositions. Accordingly, the Appellants first assignment of error is overruled.
 {¶ 31} The Appellants submit their second assignment of error as follows:
 {¶ 32} II. "The trial court erred in granting Safety First Industries, Inc.'s motion to strike the complaint or in the alternative to dismiss with prejudice."
 {¶ 33} In this assignment of error, the Appellants argue that the dismissal of their consolidated actions should have been without prejudice. The Appellants believe that they should have been permitted to refile the actions within one year pursuant to the savings statute. In support of this contention, the Appellants rely on Thomas v. Freeman
(1997), 79 Ohio St.3d 221, which held: "When a court dismisses a case for lack of service under Civ.R. 41(B)(4), the plaintiff may utilize the savings statute to refile within one year, providing all other procedural requirements of the savings statute have been met." Thomas, syllabus.
 {¶ 34} Civ.R. 41(B)(4) provides:
 {¶ 35} "A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits: * * * (a) lack of jurisdiction over the person or the subject matter."
 {¶ 36} Here, based on Civ.R. 41(B)(4), the trial court's dismissal for lack of personal jurisdiction operated as a failure otherwise than on the merits of the underlying actions. Furthermore, a dismissal with prejudice is treated as an adjudication on the merits and because it is a severe and permanent sanction, it must be applied with great caution.Thomas at 225-226.
 {¶ 37} Specifically, the trial court found as follows: "Motion of Defendant Safety First Industries, Inc. to dismiss with prejudice is granted for failure to commence the action within the statute of limitations." We must presume that the trial court dismissed the consolidated actions pursuant to Civ.R. 41(B)(4)(a). Thus, the trial court erred when it dismissed the consolidated actions with prejudice. The dismissal for lack of personal jurisdiction is a failure otherwise than on the merits and must be without prejudice. Here, the trial court found that the Appellants failed to obtain service of process within one year of the filing of the complaint, and therefore the trial court lacked personal jurisdiction over Safety First.
 {¶ 38} Having found that the actions were dismissed for lack of personal jurisdiction, failures otherwise than on the merits, we must now determine whether the savings statute is applicable. The savings statute at issue, which would permit the actions to be refiled within one year, is found in R.C. 2305.19, and provides, in part:
 {¶ 39} "In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."
 {¶ 40} Previously courts held that an action is commenced or attempted to be commenced, for purposes of R.C. 2305.19, only if effective service of process is obtained upon a defendant. See Branscomv. Birtcher (1988), 55 Ohio App.3d 242, 244, relying on Lash v. Miller
(1977), 50 Ohio St.2d 63, 64-65. However, in Thomas, the Supreme Court of Ohio clarified this issue when it determined as follows:
 {¶ 41} "In the case at bar, we have determined that the July 14, 1992 dismissal of Thomas's case was otherwise than on the merits. Further, since Thomas filed her initial complaint and demanded service before the two-year statute of limitations expired, and since the statute of limitations, Thomas had one year from July 14, 1992 to refile her complaint, which she did on July 8, 1993, approximately six days prior to the expiration of the savings statute allowance." Thomas at 227.
 {¶ 42} Based on Thomas, it is clear that Appellants may avail themselves of the savings statute, R.C. 2905.19. The Appellants attemptedto commence their actions against Safety First by filing their complaints and demanding service, presumably prior to the expiration of the statute of limitations. The applicability of R.C. 2905.19 is not limited only to circumstances where effective service of process has been obtained. By its express language, the savings statute also applies where there has been an attempt to commence an action. See also, Shanahorn v. Sparks
(Jun. 29, 2000), Franklin App. No. 99AP-1340.
 {¶ 43} Next we address Safety First's argument that while Thomas
holds that the dismissal for failure to obtain service of process upon a defendant is otherwise than on the merits, the determining issue is whether Appellants failed to timely refile their actions pursuant to the savings statute. Safety First argues that the savings statute dictates that the date upon which the one year period for refiling begins to run is the date upon which the original action failed. Safety First contends that the failure occurred, not on the date of the trial court's order dismissing the consolidated action, but rather upon the failure to commence the actions under Civ.R. 3(A).
 {¶ 44} In support of this proposition, Safety First relies onShanahorn, supra, wherein the court determined "the failure to be the date one year after the first lawsuit was filed, following which the lawsuit could no longer be commenced." Id. at 14-15.
 {¶ 45} This court has previously held that R.C. 2305.19 is remedial in nature, and as such, it is to be given liberal construction.Husarcik v. Levy (Nov. 10, 1999), Cuyahoga App. No. 5303. "Moreover, `the spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies.' Peterson v. Teodosio (1973),34 Ohio St.2d 161, 175, 297 N.E.2d 113." Husarcik at 8. We find that the one-year time period permitted for refiling under R.C. 2305.19 is triggered by the trial court's order of dismissal under 41(B)(4) not the anniversary date of the filing of the complaint where there has been a failure to commence the action under 3(A). Further, we rely on well-established law that the savings statute provides Appellants with one year from the date of dismissal to refile their actions. In Thomas
the court found that the dismissal operated as the failure otherwise than on the merits. Id. at 227. See also, Saunders v. Choi (1984),12 Ohio St.3d 247; Husarcik, supra; Frazier v. Owen (Jun. 12, 1998), Hamilton App. No. C-970487.
 {¶ 46} While we agree that the dismissals should have been without prejudice, permitting the Appellants the opportunity to utilize the savings statute to refile their consolidated actions, this does not obviate Safety First's other affirmative defenses. In an effort to refrain from providing an advisory opinion, we do not address issues which are not before this court on appeal.
 {¶ 47} Because the dismissal for lack of personal jurisdiction operated as a failure otherwise than on the merits, the action should be "remanded to the trial court for the purpose of issuing a journal entry that reflects a dismissal without prejudice due to lack of personal jurisdiction." Four Seasons Enterprises v. Tommel Financial Services,Inc. (Nov. 9, 2000), Cuyahoga App. No. 77248 at 15-16. See also, Alpertv. Kodee Technologies (1997), 117 Ohio App.3d 796, 803. Accordingly, the Appellants' second assignment of error is sustained.
 {¶ 48} Judgment is affirmed in part and reversed in part and remanded with instruction for the trial court to issue a journal entry consistent with this opinion.
It is ordered that appellee and appellants split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES D. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] The underlying consolidated cases dismissed from the Cuyahoga County Court of Common Pleas involved in this consolidated appeal are as follows: Eugene B. Abel, et al., case nos. 315849-001 through 315849-080 filed 9/30/96; Robert Alexander, Jr., et al., case nos. 287471-0081 through 287481-029 filed 4/18/1995; Willie Mack Allen, et al., case nos. 286145-001 through 286145-048 filed on 3/21/95; Herbert Amburgey, etal., case nos. 293588-001 through 293588-100 filed on 8/18/96; RobertAshie, et al., case nos. 420627 through 420653 filed on 10/10/00; WilliamS. Babics, et al., case nos. 372257 through 372265 filed on 12/21/98;Dean Bailing, et al., case nos. 362672 through 362686 filed on 8/25/98;Emmett F. Baker, et al., case nos. 288991-001 through 288991-039 filed on 5/12/95; William Bartholomew, et al., case nos. 395716 through 395724 filed on 11/4/99; A.J. Black, et al., case nos. 391066 through 391074 filed on 9/13/99; Harry Bookman, et al., case nos. 386910 through 386921 filed on 6/30/99; George W. Boone, et al., case nos. 404581 through 404600 filed on 3/23/00; Anthony Bowell, et al., case nos. 383184 through 383189 filed on 4/28/99; Clinton Campbell, Jr., et al., case nos. 304818-001 through 304818-010 filed on 3/30/96; Jerry Carpenter, et al., case nos. 293253-001 through 293253-099 filed on 8/9/95; John Cooper, etal., case nos. 398375 through 398383 filed on 12/10/99; GeraldDelboccio, et al., case nos. 425127 through 425132 filed on 12/12/00;William Dickey, et al., case nos. 400170 through 400174 filed on 1/14/00; Albert Earlywine, et al., case nos. 38039 through 380361 filed on 3/18/99; Raymond H. Germann, et al., case nos. 384428 through 384432 filed on 5/20/99; Marlin Gray, et al., case nos. 293449-001 through 293449-100 filed on 8/15/95; Adeline Hesske, et al., case nos. 280550-001 through 280550-003 filed on 11/18/94; Mary Holman, case no. 262262 filed on 12/7/93; Louis S. Lococo, Sr., et al., case nos. 293526-001 through 293526-103 filed on 8/17/95; Delmon Rose Sr., et al., case nos. 293394-001 through 29334-103 filed on 8/14/95; John Weber, et al., case nos. 293312-001 through 293312-046 filed on 8/14/95; and LonnieWilliams, et al., case nos. 282972-001 through 282972-026 filed on 1/19/95.
[2] Although not a part of the record, in its brief, Safety First states that it ceased doing business in the early 1980s.
[3] The three excluded consolidated cases are: Hesske, Holman, andWilliams wherein the Appellants sought to serve Safety First at its former registered address on Vista Park in Pittsburgh, Pennsylvania.
[4] Allen, Alexander, Carpenter, Weber, Rose, Gray and Lococo.
[5] The Pennsylvania secretary of state records indicate that Safety First's registered office was the 240 Vista Park address from March 7, 1985 to August 22, 1988. After August 22, 1988 the registered office changed to 600 Grant Street, Pittsburgh, Pennsylvania.
[6] Abel no return on 10/3/97; Allen no return on 5/31/96; Alexander no return on 5/31/96; Baker no return on 5/31/96; Carpenter no return on 9/11/96; Weber no return on 9/11/96; Rose no return on 9/11/96; Gray no return on 9/11/96; Lococo no return on 9/11/96; Amburgey no return on 9/11/96; Campbell no return on 4/4/97.
[7] Hesske moved 12/9/94 and Williams moved 12/1/95.
[8] Bailing complete on other 9/8/98; Bookman complete on other 7/16/99; Black complete on other 9/20/99; Bartholomew complete on other 11/22/99.
[9] Babics complete on other 1/14/99; Earlywine complete on other 4/9/99; Bowell complete on other 5/12/99; and Germann complete on other 6/2/99.
[10] Cooper complete on other 12/27/99 (Heintzman Warren Wise) and complete on other 1/4/00(Peat Marwick Thorne); Dickey complete on other 1/4/00 (Heintzman Warren Wise) and complete on other 1/7/00 (Peat Marwick Thorne); Boone complete on other 3/31/00 (Heintzman Warren Wise) and complete on other 4/4/00 (Peat Marwick Thorne); Ashie complete on other 10/26/00 (Heintzman Warren Wise) and complete on other 10/31/00 (Peat Marwick Thorne); Delboccio complete on other 12/26/00 (Heintzman Warren Wise)and complete on other 10/18/00 (Peat Marwick Thorne).
[11] Counsel for Safety First entered an appearance in thirteen of the consolidated cases, as follows: Ashie, Babics, Bailing, Bartholomew,Black, Bookman, Boone, Bowell, Cooper, Delboccio, Dickey, Earlywine andGermann. The trial court's Amended Standing Order No. 7, regarding the filing of answers in asbestos cases, provides that defendants are not required to file answers to the complaints, and instead should enter their appearance within 60 days of service of the complaint. The appearance constitutes a denial of all averments in the complaint and an allegation of all affirmative defenses, which includes lack of service of process and lack of personal jurisdiction. We note that we have not been asked to review whether Safety First submitted itself to the personal jurisdiction of the court by entering its appearances or otherwise defending on the merits of the cases.
[12] With respect to the Pennsylvania court's order regarding service on Grudzinski, this court has not been asked to review its authority in the trial court. Further, we are not provided with the evidence or reasoning upon which this order was premised.
[13] Civ.R. 4.2(F) provides for service of process on a corporation, as follows:
 "Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation."