The STATE ex rel. DAVIS

v.

GHEE.

[Cite as *State ex rel. Davis v. Ghee* (1998), 126 Ohio App.3d 569.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 C.A. 94.

Decided March 9, 1998.

*Ed Davis,* pro se.

*Betty D. Montgomery,* Attorney General, and *Brian M. Zets,* Assistant Attorney General, for respondent Margarette Ghee.

*Per Curiam.*

In December 1993, relator Ed Davis was declared a parole violator by the Ohio Adult Parole Authority. Relator was arrested by the Federal Bureau of Investigation in Las Vegas, Nevada, on June 3, 1996, and extradited to Ohio on June 30, 1996. Relator states that he received notice of a revocation hearing set for July

11, 1996, but on July 10, 1996, he was picked up on a warrant from Mahoning County, which had been filed in December 1993. Relator alleges that he is being held on the parole violation and that he has never received a revocation hearing in this matter.

Relator has filed a petition for a writ of mandamus to force the Ohio Adult Parole Authority to hold a revocation hearing.

Respondent has answered with a motion to dismiss and in the alternative a request to transfer this case, pursuant to Civ.R. 3(C), to the county in which venue is proper.

The Court of Appeals for Scioto County addressed an analogous situation in *State ex rel. Bickerstaff v. Ohio Adult Parole Auth.* (Sept. 11, 1987), Scioto App. No. 1667, unreported, 1987 WL 17290. In *Bickerstaff,* the petitioner, a prisoner, sought a writ of mandamus from the appellate court, ordering the Adult Parole Authority to credit him with time served in the Cuyahoga County Jail while he waited transportation to the Ohio State Reformatory. The court found that venue was improper. The court reasoned that Bickerstaff's cause of action arose in Franklin County, since this is where the Adult Parole Authority conducted business and where the alleged wrong occurred.

■ In this case, Davis was sentenced in Mahoning County. However, the actual harm he alleges was not caused by his sentencing. The harm he asserts has allegedly been caused by the prison officials' failure to hold a revocation hearing. Thus, based on *Bickerstaff,* Davis's cause of action arose where the prison officials conducted business and where the alleged harm occurred.

■ Note that Civ.R. 3(C)(1) does not mandate dismissal based upon improper venue. The proper procedure is to transfer the case to the proper forum within the state if one is available, pursuant to Civ.R. 3(C)(1). See, also, *Singleton v. Denny's, Inc.* (1987), 36 Ohio App.3d 225, 227, 522 N.E.2d 1097, 1099–1100.

Accordingly, this case is transferred to the Court of Appeals for Franklin County where venue is proper. The clerk of this court is directed to forward the file of this matter to the Clerk of the Tenth District Court of Appeals for further proceedings according to law.

Matter dismissed from the docket record of this court. No costs assessed.

*Judgment accordingly.*

GENE DONOFRIO, COX and VUKOVICH, JJ., concur.