OPINION
Plaintiff-appellant, Alan J. Robertson, appeals from the August 27, 2001 judgment of the Franklin County Court of Common Pleas, granting defendant-appellee's, Ohio Adult Parole Authority ("OAPA"), Civ.R. 12(B)(6) motion to dismiss. For the reasons that follow, we affirm the judgment of the trial court.
The following facts are taken from appellant's complaint. Appellant is incarcerated at London Correctional Institution, Madison County, Ohio. On May 10, 1990, appellant was indicted by the grand jury on one count of felonious sexual penetration and one count of felonious assault. On August 29, 1990, pursuant to a plea agreement, appellant entered a guilty plea on one count of felonious sexual penetration and one count of aggravated assault. On January 14, 1991, appellant was sentenced to an indefinite term of seven to twenty-five years on the felonious sexual penetration charge, and one year on the aggravated assault charge, to be serve d concurrently.
On April 9, 1993, appellant filed a motion for shock probation. On June 29, 1993, appellant's motion for shock probation was overruled. On November 29, 1993, appellant filed a motion to vacate his guilty plea and sentence. On December 29, 1993, the trial court granted appellant's motion and vacated his plea and sentence.
In March 1994, appellant entered into another plea agreement allegedly based on a representation made to him by his attorney that he would be paroled at his first parole hearing. As a result of this alleged representation, appellant entered a guilty plea on one count of felonious sexual penetration and one count of aggravated assault.
In 1995, appellant had a parole hearing before the OAPA. At that hearing, the OAPA utilized a parole grid guideline in which appellant could be placed into one of five guidelines, and assigned a risk assessment. By utilizing this grid guideline, the hearing officer placed appellant in a Category 4, risk assessment 4, for substance abuse. By being placed in this guideline range, appellant's case was continued for 48 months. As a result, appellant's parole was denied and the hearing officer set appellant's next parole hearing for 1999.
Subsequent to his parole review in 1995, but prior to his 1999 parole hearing, the parole guidelines were revised on March 1, 1998. The revised guidelines provided a grid system that classified an offender according to the seriousness of the crime the offender committed, and the offender's criminal history and risk. At the 1999 hearing, the OAPA utilized these new standards. Appellant was placed in a Category 9, risk assessment 4, for rape. The OAPA then enhanced appellant to a Category 10, risk assessment 4. The OAPA denied appellant's parole and ordered appellant to serve 150 to 210 months of imprisonment before he would be considered for the possibility of parole.[1] Appellant's next parole hearing was set for 2002.
In 2000, appellant filed a motion with the trial court requesting a withdrawal of his guilty plea. Appellant's motion was overruled. On February 12, 2001, appellant filed an action in the Montgomery County Court of Common Pleas against appellee seeking a declaratory judgment. In his action, appellant alleged that the OAPA violated the terms of his plea agreement. Appellant alleges that he had a contract with the state of Ohio promising (based on the representations of his attorney) that he would be paroled at the first parole hearing in 1995. Appellant further contends that OAPA's 1995 decision not to rehear his application for parole exceeded the guidelines, as they existed at that time, by 12 months. Appellant sought immediate release from prison.
On March 14, 2001, the OAPA filed a motion for change of venue from the Montgomery County Court of Common Pleas to the Franklin County Court of Common Pleas. On April 2, 2001, appellant filed a memorandum in response to the OAPA's motion for change of venue. On May 18, 2001, the Montgomery County Court of Common Pleas granted the OAPA's motion and transferred the case to the Franklin County Court of Common Pleas.
On July 2, 2001, the OAPA filed a Civ.R. 12(B)(6) motion to dismiss. Appellant failed to respond. On August 27, 2001, the trial court granted the OAPA's motion to dismiss, concluding that appellant cannot rely on the representations of his attorney to create a binding contract with the state of Ohio, that appellant had no constitutionally protected right to parole, and that the OAPA's use of the parole guidelines did not violate the terms of appellant's plea agreement. It is from this judgment that appellant appeals, raising the following as error:
"APPELLANT'S FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING THE [MOTION] FOR CHANGE OF VENUE[.]
"APPELLANT'S SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO DISMISS[.]"
In his first assignment of error, appellant argues that the Montgomery County Court of Common Pleas erred in granting OAPA's motion for change of venue to the Franklin County Court of Common Pleas. In pertinent part, Civ.R. 3(B) provides that proper venue lies in any one or more of the following counties:
"(1) The county in which the defendant resides;
"(2) The county in which the defendant has his or her principal place of business;
"(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
"(4) A county in which a public officer maintains his or her principal office if suit is brought against the officer in the officer's official capacity;
"(5) A county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property;
"(6) The county in which all or part of the claim for relief arose * * *[.]"
The Montgomery County Court of Common Pleas held that appropriate venue for the determination of appellant's case was in the Franklin County Court of Common Pleas pursuant to Civ.R. 3(B)(2), (3), (4) or (6). Appellant contends that under Civ.R. 3(B)(3) and (6), venue is proper in Montgomery County because the OAPA conducted activities in Montgomery County that gave rise to his claim for relief, and that Montgomery County is where all or part of the claim for relief arose.
Our standard for reviewing a trial court's decision on a motion for change of venue is the abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982),1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995),106 Ohio App.3d 562, 565; and In re Ghali (1992), 83 Ohio App.3d 460,466.
Here, appellant contends that, because the action was originally filed in Montgomery County, venue is proper in Montgomery County. Specifically, appellant argues that, pursuant to Civ.R. 3(B)(3), venue was proper in Montgomery County because he entered into the plea agreement in Montgomery County, was indicted, charged, initially incarcerated, and sentenced in Montgomery County, and the OAPA had representatives who are employed and conducted hearings in Montgomery County. Appellant further argues that, under Civ.R. 3(B)(6), venue was appropriate in Montgomery County because Montgomery County is where all or part of the activities that gave rise to this action occurred while he was a defendant in the Montgomery County Court of Common Pleas.
The OAPA asserts that Civ.R. 3(B)(1) through (4) requires that the case be filed in either Franklin County (where the OAPA makes the parole release decisions) or in Madison County (where appellant's parole hearings were held at the prison facility). More specifically, the OAPA argues that Civ.R. 3(B)(6) is more applicable. The OAPA, in citing to Soloman v. Excel Marketing, Inc. (1996), 114 Ohio App.3d 20, argues that appellant's action alleging breach of contract arises where the breach took place. The OAPA contends that the breach could only have taken place in Franklin or Madison Counties. The OAPA, in relying on State ex rel. Ohio State Racing Comm. v. Walton (1988), 37 Ohio St.3d 246, notes that actions against state defendants are generally venued in Franklin County, the seat of state government. The OAPA further contends that files relevant to appellant's case, along with OAPA employees involved in appellant's parole are located in Franklin County.
We conclude that Franklin County was the proper venue for this case. Specifically, under Civ.R. 3(B)(1) and (2), the OAPA has its "residence" and principal place of business in Franklin County. Under Civ.R. 3(B)(3), the action must proceed in Franklin County because the activities of the OAPA denying appellant's parole occurred in Franklin County. Likewise, under Civ.R. 3(B)(6), the case must go forward in Franklin County because appellant's claim for relief arose where the OAPA made its decision in Franklin County. Therefore, Franklin County is the proper county in which appellant can maintain this action against the OAPA. See Davis v. Ohio Adult Parole Auth. (Aug. 25, 2000), Portage App. No. 2000-P-0011; Reder v. Pub. Emp. Retirement System (May 14, 1999), Portage App. No. 98-P-0127; State ex rel. Davis v. Ghee (1998),126 Ohio App.3d 569; State ex rel. Crim v. Adult Parole Auth. (May 27, 1998), Lucas App. No. L-98-1074; Bickerstaff v. Ohio Adult Parole Auth. (Sept. 11, 1987), Scioto App. No. 1667. As such, the Montgomery County trial court did not abuse its discretion in transferring the case to the Franklin County Court of Common Pleas. Accordingly, appellant's first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues that the trial court erred in granting the OAPA's motion to dismiss. Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs., Inc. (1990), 49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs. (1992), 65 Ohio St.3d 545,548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations to the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60.
Appellant filed a complaint for declaratory judgment, which is a civil action that provides a remedy in addition to other legal and equitable remedies that are available. Aust v. Ohio State Dental Bd. (2000),136 Ohio App.3d 677, 681. To maintain an action for declaratory judgment, three elements must be present: (1) a real controversy must exist between the adverse parties; (2) the controversy is justiciable in nature; and (3) speedy relief is necessary to the preservation of rights that may otherwise be impaired or lost. Id.; Papp v. Ohio State Adult Parole Auth. (Jan. 24, 2002), Franklin App. No. 01AP-892. Because appellant claims the OAPA's action in denying him parole violates the terms of his plea agreement, appellant presents a justiciable controversy for this court's review and consideration. Since appellant is currently serving his prison term, speedy relief may be necessary to preserve appellant's rights under the plea agreement.
A plea agreement is contractual in nature, is binding, and is subject to contract law standards. State v. Graham (Sept. 30, 1998), Franklin App. No. 97AP-1524. For purposes of this appeal, we assume, without deciding, that the plea agreement appellant made with the prosecutor in this case binds the OAPA. See Lee v. Ohio Adult Parole Auth. (Apr. 7, 2000), Montgomery App. No. 17976; Randolph v. Ohio Adult Parole Auth (Jan. 21, 2000), Miami App. No. 99 CA 17.
Appellant alleges that, under contract principles, a contract was formed when he entered into the plea agreement with the state of Ohio. Appellant further contends that the contract was breached when the OAPA violated the terms of his plea agreement. Appellant states that his attorney made representations "that he would be paroled at his first parole hearing." (Complaint at ¶ 11.) Appellant's complaint fails to allege that the state of Ohio made any such promise, how the contract was formed or that the OAPA was a party to the plea agreement. Appellant, relying on Randolph, attempts to bind the OAPA under agency principles, by alleging that the prosecutor has the authority to bind the OAPA to the terms of the plea agreement. Appellant has not alleged that the prosecutor made the statement upon which appellant allegedly relied upon when he entered into the plea agreement and entered his guilty plea. Appellant only mentions that his attorney made representations to him of his early release. Assuming, for purposes of deciding the motion to dismiss, that appellant's attorney made the representations, there exists no agency relationship between appellant's attorney and the OAPA, which would bind the OAPA to the terms of the plea bargain.
Furthermore, appellant had failed to allege in his complaint what the terms of the plea agreement actually were. Nor has he attached a copy of the plea agreement to his complaint. See Civ.R. 10(C). A court cannot assess whether a plea bargain was breached if there is no evidence in the record concerning the terms of the agreement. State v. Morris (June 2, 1992), Franklin App. No. 91AP-1527. Nothing in the record substantiates that the state promised appellant that he would be released on parole at his first parole hearing in 1995. Appellant has failed to adequately state a cause of action for breach of contract.
Additionally, in his complaint, and on appeal, appellant does not allege that as part of his plea agreement or sentence that he was promised that the parole guidelines in effect at the time he was sentenced would apply when he was considered for parole. Nor does appellant allege that the trial court imposed a sentence that was different from the plea agreement. Appellant merely alleges that by virtue of the March 1, 1998 revised parole guidelines, the OAPA improperly classified him at the November 1999 hearing. Appellant argues that he was placed in a category that was much higher and more serious than the offenses to which he pled guilty. Appellant argues that he should have been placed in a Category 3, risk assessment 2. Appellant contends that this assessment classification would have required that the case be continued for 13 to 18 months and then he would have been paroled. Relying on Randolph, appellant argues that the actions of the OAPA warrants a reversal of the trial court's judgment in order for appellant to be placed in the proper category and the proper guidelines. Once again, appellant's complaint does not allege that he was promised that the OAPA would be prohibited from considering factors other than his offense of conviction in determining his parole eligibility.
Appellant admits he has no constitutional, statutory, or inherent right to parole. State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46,47; State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125; Dozier v. Ohio Adult Parole Auth. (Mar. 30, 2000), Franklin App. No. 99AP-893. Moreover, a prisoner has no constitutional or inherent right to be released from prison before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100; Hattie, supra.
The decision whether and when to grant parole lies within the absolute discretion of the OAPA. R.C. 2967.03; Woods v. Telb (2000),89 Ohio St.3d 504, 512; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355; State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 43; Dozier, supra. The OAPA's use of internal guidelines does not alter the decision's discretionary nature. Hattie, at 125; Thompson v. Ghee (2000), 139 Ohio App.3d 195, 200; Harris v. Wilkinson (Nov. 27, 2001), Franklin App. No. 01AP-598. Because neither statue nor regulation created the parole guidelines, and the parole board need not follow them, they place no substantive limits on official discretion, and appellant cannot claim any right to have any particular set of guidelines apply. Olim v. Wakinekona (1983), 461 U.S. 238, 249,103 S.Ct. 1741; Hattie; Harris, supra. It is firmly established that a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date, and thus application of amended parole guidelines does not violate ex post facto prohibitions. State ex rel. Bealler v. Ohio Adult Parole Auth. (2001), 91 Ohio St.3d 36.
Appellant's unilateral expectation that the OAPA would parole him at the first parole hearing is insufficient to contravene the authority and discretion granted the OAPA regarding its parole decision. R.C. 2967.03; Woods; Ferguson; Blake; and Dozier, supra. After careful review of the factual allegations in appellant's complaint, we conclude that appellant has failed to state a claim for breach of his plea agreement. As such, appellant's complaint was properly dismissed pursuant to Civ.R. 12(B)(6). Accordingly, appellant's second assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed
TYACK, P.J., concurs.
BROWN, J., dissents.
[1] At the 1999 hearing, the hearing officer credited appellant with serving 104 months plus ten months credit for outstanding program achievement. Appellant's total credit was 114 months. As a result, appellant's hearing was continued for 36 months.