PER CURIAM OPINION
{¶ 1} This mandamus action is presently before this court for final review of the motion to dismiss of respondent, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction. As the primary basis for his motion, respondent states that the petition of relator, James Hill, fails to set forth a viable claim for relief because relator has not complied with certain statutory requirements for bringing such an action. For the following reasons, this court concludes that the motion to dismiss has merit.
 {¶ 2} On the date he commenced the instant action, relator was incarcerated at the Warren Correctional Institution in Lebanon, Ohio. In his petition, relator alleged that he and many of his fellow inmates at the prison were being subjected to a high risk of physical harm as a result of certain policies followed by respondent. Specifically, relator asserted that respondent's policies were requiring inmates of different "security levels" to have contact while they are under protective control at the prison. For example, he stated that a "sex offender" inmate had been housed with a convicted murderer, thereby leading to an incident between the two.
 {¶ 3} For his relief under the petition, relator requested this Court to render an order which would compel respondent, as the Director of the state prisons, to conduct an investigation into the merits of the policies in question. In addition, he requested that other persons and legal entities be required to participate in the investigation, including Greg Geisler of the Correctional Institution Inspection Committee, the Prisoner Rights Advocacy Center, Amnesty International, the U.S. Department of Justice, Governor Robert Taft, the News Director for WBNS-10 TV, the News Director for WKRC-TV, the National Enquirer, Attorney Alice Lynd, the Superintendent for the Ohio State Highway Patrol, and Warden Khellen Konteh of the Toledo Correctional Institution.
 {¶ 4} In now moving to dismiss the instant action, respondent Wilkinson submits that the final merits of the mandamus petition are not properly before this court because relator failed to attach certain affidavits to the petition. Citing R.C. 2969.25, he contends that relator was obligated to submit affidavits concerning any prior civil case brought by him and the amount of funds contained in his prison financial account.
 {¶ 5} R.C. 2969.25(A) provides that if a prison inmate decides to initiate a "civil action" against a government entity or employee, he must "file with the court an affidavit that contains a description of each civil action or appeal of civil action that the inmate has filed in the previous five years in any state or federal court." Moreover, subsection (C) of the same statute provides that, in seeking the waiver of any filing fee associated with a civil action, a prison inmate must attach to his initial pleading an affidavit which, inter alia, gives a statement of the balance of funds in his prison account over the prior six months.
 {¶ 6} In applying the provisions of R.C. 2969.25, the Supreme Court of Ohio has concluded that a proceeding in mandamus constitutes a "civil action" for purposes of the statute; thus, an inmate must follow the requirements of the statute in filing a mandamus action. State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285. The Supreme Court has further held that the requirements of R.C. 2969.25(A) and (C) are mandatory, and that the failure to comply with these provisions in the filing of a petition is considered a proper reason for dismissing the case.Hawk v. Athens Cty., 106 Ohio St.3d 183, 2005-Ohio-4383; Stateex rel. White v. Bechtel, 99 Ohio St.3d 11, 2003-Ohio-2262.
 {¶ 7} In the instant case, our review of relator's petition readily indicates that he did not attach to that document any affidavit which addressed the issue of whether he, as an inmate of a state prison, had filed any other types of civil actions during the prior five years. Furthermore, our review shows that, although relator did submit an affidavit of indigency with his petition, the affidavit did not state the amount of funds relator had kept in a prison account over the past six months. As a result, the petition is not legally sufficient under R.C. 2969.25
to maintain a mandamus action against any governmental entity and employee. On this basis alone, the petition before us in this matter is subject to dismissal.
 {¶ 8} As a separate point, this court would restate that the entire subject matter of relator's petition pertains to the basic treatment of inmates at the Warren Correctional Institution. In the caption of his petition, relator aptly notes that this state penitentiary is situated in Lebanon, Ohio, a location which does not lie within the territorial boundaries of this court. Accordingly, even if the instant matter was properly before us in all other respects, we would still lack the basic jurisdiction to issue an enforceable order as to the conditions of the facility where relator is incarcerated.
 {¶ 9} In Strzala v. Gansheimer, 11th Dist. No. 2001-A-0090, 2002-Ohio-2665, the petitioner sought a writ of habeas corpus to compel certain authorities in Cuyahoga County, Ohio, to terminate his post-release control. In dismissing the petitioner's entire claim for relief, this court concluded that, even if a writ of habeas corpus could be used to invalidate the imposition of post-release control, we lack the authority to issue such an order to the authorities in question because Cuyahoga County did not lie within our territorial jurisdiction.
 {¶ 10} Notwithstanding the inherent differences between a habeas corpus claim and the claim in the instant proceeding, theStrzala logic would still be applicable to the present matter. Since the Warren Correctional Institution is located beyond the boundaries of our particular territorial jurisdiction, this court does not possess the ability to order a public official to perform any specific act in relation to the treatment of inmates at that state penitentiary. Instead, the only Ohio appellate court which would have the power to issue any order as to the Warren Correctional Institution would be the Twelfth Appellate District.
 {¶ 11} Finally, this court would again note that many of the parties named under relator's petition were not individuals who held public offices. Rather, these parties, such as News Director for WBNS-10 TV and the National Enquirer, are private citizens who would not owe any public duty to relator. Accordingly, even if this court had jurisdiction over this action and relator had complied with the statutory requirements for a proper mandamus petition, this matter still would not have gone forward as to these private parties. It is well established under Ohio law that a writ of mandamus will never be issued to enforce a private right against a private citizen. See State ex rel. Bristow v.The Plain Dealer, 8th Dist. No. 80462, 2001-Ohio-4142.
 {¶ 12} Pursuant to the foregoing analysis, the motion to dismiss of respondent Wilkinson is granted. As to respondent Wilkinson and the other four state officials named in the petition, it is the order of this court that relator's entire mandamus petition is hereby dismissed for the reasons set forth in the motion. In addition, as to all of the parties named as respondents in the petition, it is sua sponte ordered that relator's entire mandamus petition is dismissed for lack of jurisdiction.
Ford, P.J., Grendell, J., Rice, J., concur.