PER CURIAM OPINION
{¶ 1} The instant case is an original action in which relator, David Dewey, seeks the issuance of an order to compel Terry Collins, the Director of the Ohio Department of Rehabilitation and Correction, to reach a particular determination regarding his request for parole. Upon reviewing the allegations in relator's petition, this court concludes that we lack the authority to grant such an order because he is being held in a state prison which does not lie within our territorial jurisdiction. Therefore, the sua sponte dismissal of the entire action is warranted.
 {¶ 2} Relator is presently incarcerated in the Madison Correctional Institution, having been convicted in November 1989 of two counts of rape in the Ashtabula County Court of Common Pleas. In February 2006, the Ohio Parole Board issued a decision in which it placed relator into `'Category 10'' for purposes of determining his basic eligibility for parole. The Board's decision was predicated on the finding that the victim of the two rapes had been under age of sixteen. In light of the categorization of the offenses, the Board ultimately held that relator would have to serve sixty additional months before he would be entitled to a parole hearing.
 {¶ 3} In bringing the instant case, relator essentially asserts that the Ohio Parole Board has violated the terms of his plea agreement by placing him in `'Category 10'' for purposes of parole. Specifically, he maintains that, as part of his plea agreement, the `'age'' element of the two rape charges were deleted; as a result, the Board should have placed him in `'Category 9'' in its February 2006 decision. Based on this, relator further asserts that the violation of the plea agreement has had the effect of vacating his basic sentence under the 1989 conviction. For his ultimate relief in this matter, he requests that Director Collins and the Ohio Parole Board be ordered to release him from the state prison.
 {¶ 4} In predicating his petition entirely on the foregoing assertions, relator has expressly characterized his sole cause of action as a claim in mandamus. However, in reviewing the basic nature of a mandamus claim, the Supreme Court of Ohio has stated that such a cause of action cannot be employed by a prisoner as a means of obtaining his release from incarceration; instead, a prisoner can only use a habeas corpus claim to contest the validity of his detention. State ex rel.White v. Ohio Adult Parole Auth., 98 Ohio St.3d 290, 2003-Ohio-773. The Supreme Court has further stated that since there are specific statutory requirements a prisoner must satisfy to set forth a viable claim in habeas corpus, a mandamus cause of action cannot be viewed as a proper substitute for that claim; i.e., a prisoner is not allowed to circumvent the requirements for a writ of habeas corpus by requesting a writ of mandamus. State ex rel. Johnson v. Ohio Parole Bd. (1997),80 Ohio St.3d 140.
 {¶ 5} One of the basic requirements for a proper habeas corpus proceeding is that, regardless of where the prisoner was convicted, the case can only proceed in the county where he is actually incarcerated. See R.C. 2725.03. The courts of this state have concluded that this particular requirement is jurisdictional in nature; in other words, a court does not have the authority to order the release of a prisoner unless the prison lies within its territorial jurisdiction. SeeBridges v. McMackin (1989), 44 Ohio St.3d 135; McAllister v. Ohio AdultParole Auth., 7th Dist. No. 06 HA 583, 2006-Ohio-3697.
 {¶ 6} In each of his submission in the instant case, relator has indicated that he is being held in the Madison Correctional Institution in London, Ohio. Since that specific prison is located in Madison County, Ohio, and that county does not fall within the scope of this court's territorial jurisdiction, we do not have the authority under R.C. 2725.03 to grant the exact relief which relator has sought in maintaining this case. Therefore, even if relator had characterized his claim for relief in the proper manner, this court would not have the power to render a final determination on the merits of his claim.
 {¶ 7} As an aside, we would further indicate that, even if relator had limited his prayer for relief to an order requiring Director Collins and the Ohio Parole Board to conduct a new hearing on his eligibility for parole, the instant action still could not have gone forward before us. The courts of this state have held that when a state prisoner has set forth a proper mandamus claim against the Ohio Department of Rehabilitation and Correction, the correct venue for such a case is the county in which the actions of the Department took place. See State exrel. Davis v. Ghee (1998), 126 Ohio App.3d 569, 570. In most instances, this would mean that the proper venue of the mandamus case would be Franklin County, Ohio.
 {¶ 8} Because relator seeks his release from a state institution which is not located within the territorial jurisdiction of this court, we lack the proper jurisdiction to proceed in this matter. Accordingly, it is the sua sponte order of this court that relator's entire petition is hereby dismissed.
DONALD R. FORD, P.J., WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, concur.