PER CURIAM OPINION
{¶ 1} This habeas corpus action is presently before this court for consideration of respondent's motion to dismiss and petitioner's motion for a change of venue. As a part of each of the motions, each party asserts that he is entitled to the requested relief because petitioner, Shannon Drake, is no longer in the custody of respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. Specifically, the parties agree that petitioner has been transferred to the Ohio State Penitentiary in Mahoning *Page 2 
County, Ohio. As an alternative to dismissing the case, respondent has also requested in his motion that the matter be transferred to Mahoning County.
 {¶ 2} Petitioner's present incarceration in the state institution is predicated upon his December 1999 conviction in Cuyahoga C.P. No. CR 369621. At the conclusion of an abbreviated jury trial, petitioner was found guilty of one count of aggravated robbery and one count of felonious assault. The trial court then sentenced him to consecutive terms of ten years and five years on the respective counts, for an aggregate prison term of fifteen years. As the primary basis for his instant claim in habeas corpus, petitioner stated that the Cuyahoga County trial court lacked the requisite jurisdiction to sentence him because the written jury verdicts were misplaced following his trial and were never entered on the docket of the criminal action.
 {¶ 3} In relation to the general authority of a court over a habeas corpus claim, R.C. 2725.03 provides that such a writ cannot be rendered by a specific court unless the inmate is being held in an institution which is located within the territorial limits of that court. In other words, a habeas corpus action can only be maintained in the county where the inmate is incarcerated. In applying this statute, this court has concluded that its basic requirements are jurisdictional in nature. SeeDewey v. State, 11th Dist. No. 2006-A-0012, 2007-Ohio-471. In fact, R.C.2725.03 expressly states that if the prison is not within the county where the court is situated, any order of that court is void.
 {¶ 4} In considering instances in which the inmate has failed to file his petition for the writ in the appropriate county, some appellate courts of this state have held that the proper remedy is a change of venue to the county where the inmate is incarcerated. See, e.g.,State ex rel. Vereen v. State (1989), 57 Ohio App.3d 54; State ex rel.Darden *Page 3 v. Money (Dec. 18, 1997), 6th Dist. No. E-97-144, 1997 Ohio App. LEXIS 5808. While this court would indicate that we do not agree that a change of venue should be granted in all instances in which R.C. 2725.03 cannot be met, we do conclude that the transfer of the instant matter to the Mahoning County Court of Appeals is the logical remedy in light of the underlying facts of this action. Specifically, we would emphasize that when petitioner initiated this action, he was confined in a prison which was located within our territorial jurisdiction. Petitioner's transfer to the prison in Mahoning County took place while the case was properly pending before us; thus, this is not a situation in which the inmate failed to follow the correct procedure. Under such circumstances, petitioner should not be require to initiate a new proceeding in order to obtain a determination on the merits of his claim for relief.
 {¶ 5} Consistent with the foregoing legal analysis, it is the order of this court that respondent's motion to dismiss the habeas corpus claim is overruled, and that petitioner's motion for a change of venue is granted. It is further ordered that the instant action in habeas corpus is hereby transferred to the Court of Appeals for Mahoning County. The Ashtabula County Clerk of Courts is instructed to deliver all original papers filed in this action to the clerk for the Court of Appeals for Mahoning County.
CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1