JOURNAL ENTRY AND OPINION
{¶ 1} Curtis Bobbitt, the relator, has filed a complaint for a writ of mandamus. Bobbitt seeks an order from this court, which requires the Ohio Adult Parole Authority, the respondent, to recognize and implement the order of the Cuyahoga County Court of Common Pleas, as rendered inState v. Bobbitt, Cuyahoga County Court of Common Pleas Case No. CR-07-492588-C, which granted pre-conviction jail time credit in the amount of eighty-nine days.
 {¶ 2} Sua sponte, we find that a review of Bobbitt's complaint for a writ of mandamus demonstrates improper venue. Bobbitt specifically seeks mandamus *Page 3 
against the Ohio Adult Parole Authority, which is located in Columbus, Ohio. Bobbitt's cause of action arose where the Ohio Adult Parole Authority conducts its business and where the alleged wrong occurred.State ex rel. Davis v. Ghee (1998), 126 Ohio App.3d 569,710 N.E.2d 1178. See, also, State ex rel. Bickerstaff v. Ohio Adult ParoleAuth., (Sept. 11, 1987), Scioto App. No. 1667.
 {¶ 3} Improper venue, however, does not mandate dismissal of the complaint for a writ of mandamus. Civ. R. 3(C)(1) warrants transfer of the complaint to the proper forum. Singleton v. Dennys Inc. (1987),36 Ohio App.3d 225, 522 N.E.2d 1097.
 {¶ 4} Accordingly, this action is transferred to the Tenth Appellate District for Franklin County, where venue is proper. Costs waived.
Complaint transferred.
 COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1