JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Hassan K. Miles, Sr., the relator, has filed a complaint for a writ of mandamus. Miles seeks an order form this court, which requires Deb Timmerman-Cooper, Warden of the London Correctional Institution, to replace funds which were improperly removed from his inmate account.
 {¶ 2} Sua sponte, we find that a review of Miles' complaint for a writ of mandamus demonstrates improper venue. Miles specifically seeks a writ of mandamus against the Warden of the London Correctional Institution, which is located in London, Ohio, Madison County. Miles' cause of action arose where Warden Deb Timmerman-Cooper conducts business and the alleged wrong occurred.[1]
 {¶ 3} Improper venue, however, does not mandate dismissal of the complaint for a writ of mandamus. Civ. R. 3(C)(1) warrants transfer of the complaint to the proper forum.[2]
 {¶ 4} Accordingly, this action is transferred to the Twelfth Appellate District for Madison County, where venue is proper. Costs waived.
Complaint transferred.
KENNETH A. ROCCO, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] State ex rel. Davis v. Ghee (1998), 126 Ohio App.3d 569,710 N.E.2d 1178. See, also, State ex rel. Bickerstaff v. Ohio Adult ParoleAuth., (Sept. 11, 1987), Scioto App. No. 1667.
[2] Singleton v. Denny's Inc. (1987), 36 Ohio App.3d 225,522 N.E.2d 1097. *Page 1