DECISION
{¶ 1} Relator, Donovan Simpson, an inmate of the Warren Correctional Institution ("WCI"), has requested a writ of mandamus against respondent, Wanza Jackson, the WCI warden.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court *Page 2 
sua sponte dismiss this action. (Attached as Appendix A.) No objections to the magistrate's decision have been filed.
 {¶ 3} Having conducted an independent review of the evidence in this matter, and finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, this action is sua sponte dismissed.
Action dismissed.
PETREE and TYACK, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered on May 7, 2008 IN MANDAMUS ON SUA SPONTE DISMISSAL {¶ 4} In this original action, relator, Donovan Simpson, an inmate of the Warren Correctional Institution ("WCI"), requests that a writ of mandamus issue against respondent, Wanza Jackson, the WCI warden.Findings of Fact:
 {¶ 5} 1. On March 26, 2008, relator filed this original action. The sole named respondent is the WCI warden, Wanza Jackson. *Page 4 
 {¶ 6} 2. In his complaint, relator alleges that WCI has used monetary gifts from his family and friends deposited in his inmate account to pay his court costs. Citing State ex rel. Turner v. Eberlin, Belmont App. No. 07 BE 6, 2007-Ohio-5042, relator claims that he has a clear legal right to retain the monetary gifts from family and friends deposited in his inmate account without those funds being used by the institution for the payment of his court costs.
 {¶ 7} 3. This court shall take notice that WCI and the office of the WCI warden are not located within the territorial boundaries of Franklin County, Ohio.
 {¶ 8} 4. On April 17, 2008, relator filed an affidavit of indigency.
 {¶ 9} 5. Relator has not filed in this action an R.C. 2969.25(A) affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal.
 {¶ 10} 6. Relator has not filed in this action an R.C. 2969.25(C) statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier.
Conclusions of Law: {¶ 11} It is the magistrate's decision that this court sua sponte dismiss this action, as more fully explained below.
 {¶ 12} To begin, this court lacks territorial jurisdiction over this mandamus action because WCI and the office of its warden are located beyond the boundaries of Franklin County, Ohio. Thus, this court has no authority to order respondent to perform the act that relator seeks here to compel. See State ex rel. Hill v. Geisler, Portage App. No. 2005-P-0048, 2005-Ohio-6903. *Page 5 
 {¶ 13} Given the lack of territorial jurisdiction, this court must dismiss this action sua sponte.
 {¶ 14} Moreover, relator's failure to comply with the provisions of R.C. 2969.25(A) and (C) are additional grounds for dismissal because compliance with those statutory provisions is mandatory. State ex rel.Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258;State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421;State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 15} Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss this action. *Page 1