[Cite as *State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4947.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Mark Russell, | : | |
| Relator, | : | |
| v. | : | No. 17AP-240 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on December 3, 2019

**On brief:** *Mark Russell,* pro se.

**On brief:** [*Dave Yost*]*,* Attorney General, and *Ina Avalon,* for respondent.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

BRUNNER, J.

## I. INTRODUCTION AND PROCEDURAL POSTURE

{¶ 1} Relator, Mark Russell, an inmate at the Warren Correctional Institution, brought this original action solely against the Ohio Department of Rehabilitation and Correction ("ODRC"), requesting that this Court order ODRC to hold a use of force hearing about allegations concerning actions taken by a corrections officer against Russell when he was incarcerated at the Pickaway Correctional Institution. (Apr. 6, 2017 Petition at ¶ 1, 4-6.)[1] Russell also alleged in his petition that the corrections officer in question was "from the Noble Correctional Institution" but was participating in a "shakedown" at the Pickaway

---

[1] Some of the paragraphs in the complaint are numbered and some are not. Paragraphs 4, 5, and 6 are not numbered but sequentially follow numbered paragraph 3.

Correctional Institution.  *Id.* at ¶ 4-5.  Russell alleged in his petition that this Court has jurisdiction under Article IV, Section 3(B)(1)(b) of the Ohio Constitution.  *Id.* at ¶ 3.

{¶ 2}  We referred Russell's mandamus petition to a magistrate in accordance with Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.  (Apr. 24, 2017 Entry.)  On May 8, 2017, ODRC moved to dismiss this action, arguing that it should have been brought in the county where the events occurred—in this case, Pickaway County.  (May 8, 2017 Mot. to Dismiss at 4-5.)  ODRC argued that we lacked jurisdiction because of the incorrect venue of the action.  *Id.*

{¶ 3}  On June 30, 2017, after the parties had fully briefed ODRC's motion to dismiss, the magistrate issued a decision, including findings of facts and conclusions of law (appended to this decision).  The magistrate found that Russell was attempting to compel either Pickaway Correctional Institution (where the alleged action occurred) or Warren Correctional Institution (where Russell is currently incarcerated), to conduct a use of force hearing based on this alleged incident.  As those locations and the relevant parties to the case are outside this appellate district, the magistrate determined that we lack territorial jurisdiction over this mandamus action and recommended that we dismiss the petition.

{¶ 4}  Russell filed a timely objection to the magistrate's decision.  (July 13, 2017 Obj.)  In that objection, he disputed the magistrate's jurisdictional finding.  *Id.*  Russell also observed that his mandamus action was brought against ODRC, which is located within the territorial boundaries of this appellate district.  *Id.*

## II. DISCUSSION

{¶ 5}  Civ.R. 53(D)(4)(b), concerning matters heard by magistrates, provides "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification.  A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."  Under this rule there are two different standards of review:

> If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision.

Civ. R. 53(D)(4)(c).

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on

> objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

Civ. R. 53(D)(4)(d). Because Russell filed timely objections we use the latter standard of review and "undertake an independent review as to the objected matters." *Id.*

## A. Whether this Court has Jurisdiction

{¶ 6} The Constitution of Ohio provides for the existence of "compact appellate districts in each of which there shall be a court of appeals." Ohio Constitution, Article IV, Section 3(A). The Constitution grants each court of appeals territorially limited power to "review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals *within the district*." (Emphasis added.) Ohio Constitution, Article IV, Section 3(B)(2). The "compact appellate district" of this court "within" which it enjoys appellate jurisdiction, is comprised wholly and completely of Franklin County. R.C. 2501.01(J); Ohio Constitution, Article IV, Section 3. Thus, it is clear that, as a matter of Constitution and statute, our *appellate* jurisdiction is territorially limited on *appeals* to those from courts in Franklin County. *See also Cheap Escape Co. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, ¶ 5-6, fn. 2 (noting that territorial jurisdiction refers to the ability of a court to act in a specific geographic area).

{¶ 7} Though our *appellate* jurisdiction is limited territorially, the Constitution does not expressly limit our territorial jurisdiction in cases over which this Court exercises *original* jurisdiction. The Ohio Constitution simply provides "[t]he courts of appeals shall have original jurisdiction in the following: (a) Quo warranto; (b) Mandamus; (c) Habeas corpus; (d) Prohibition; (e) Procedendo; (f) In any cause on review as may be necessary to its complete determination." Ohio Constitution, Article IV, Section 3(B)(1). In habeas corpus actions, an Ohio statute entitled "[t]erritorial jurisdiction of courts" limits "jurisdiction to issue or determine a writ of habeas corpus" to courts and judges in "the county in which the [relevant] institution is located." R.C. 2725.03. But the mandamus statutes contain no similar limitation. R.C. 2731.01 et seq.[2] Thus, the text of the

_____

[2] There is a general provision that seems intended to apply to multi-county districts providing that a court of appeals "shall hear each cause in the county in which the cause originated, unless, for good cause shown, the court of appeals determines that the cause may be heard in another county of the district." R.C. 2501.05. The only time this provision has been interpreted in Ohio, it has been determined to provide instructions on venue selection, not jurisdiction. *State ex rel. Rosenberger v. Compher*, 62 Ohio App.3d 51, 53-54 (4th Dist.1989).

Constitution and Ohio statutes imply that all Ohio courts of appeal have jurisdiction over all original mandamus actions. Which of the appellate districts is the appropriate district for an original action is therefore a question of venue (a choice between courts that all have concurrent jurisdiction), to be resolved according to Civ.R. 3. *See Cheap Escape* at ¶ 10-11 (noting the differences between jurisdiction and venue).

{¶ 8} Many courts have found that when a mandamus action targets entities outside the territorial boundaries of the appellate district, the problem is not a jurisdictional problem, but a venue problem. *State ex rel. Miles v. Timmerman-Cooper*, 8th Dist. No. 91396, 2008-Ohio-3811, ¶ 1-4; *State ex rel. Harris v. Mausser*, 8th Dist. No. 91630, 2008-Ohio-4588, ¶ 2-4; *State ex rel. Bealler v. Ohio Adult Parole Auth.*, 7th Dist. No. 99-CO-45, 1999 WL 669497, 1999 Ohio App. LEXIS 3911, *1-2 (Aug. 23, 1999); *State ex rel. Robertson v. Kinkela*, 7th Dist. No. 98 CA 118, 1999 WL 342771, 1999 Ohio App. LEXIS 2471, *2-3 (May 27, 1999); *State ex rel. Davis v. Ghee*, 126 Ohio App.3d 569, 570 (7th Dist.1998); *State ex rel. Bickerstaff v. Ohio Adult Parole Auth.*, 4th Dist. No. 1667, 1987 WL 17290, 1987 Ohio App. LEXIS 8810, *1-3 (Sept. 11, 1987); *State ex rel. Cook v. Zimpher*, 11 Ohio App.3d 187, 188-89 (8th Dist.1983).

{¶ 9} There are also, however, some appellate courts that have stated that they lack jurisdiction in mandamus over public officials who are not located within their district. *State ex rel. Wright v. Ohio Dept. of Rehab. & Corr.*, 8th Dist. No. 103736, 2016-Ohio-819, ¶ 5; *Pointer v. Ross Corr. Warden*, 8th Dist. No. 103376, 2015-Ohio-4692, ¶ 6; *State ex rel. Simpson v. Jackson*, 10th Dist. No. 08AP-241, 2008-Ohio-4357, ¶ 12; *Dewey v. State*, 11th Dist. No. 2006-A-0012, 2007-Ohio-471, ¶ 7-8.[3] This line of cases disclaiming jurisdiction is problematic, however, as it appears to be traceable to the Eleventh District Court of Appeals decision of *State ex rel. Hill v. Geisler*, 11th Dist. No. 2005-P-0048, 2005-Ohio-6903. In *Geisler*, a per curiam opinion, the Eleventh District found that an inmate had failed to follow the mandates of R.C. 2969.25 requiring him to file an affidavit of indigency detailing the status of his prison account and "[o]n this basis alone," decided that "the petition * * * in this matter [wa]s subject to dismissal." *Geisler* at ¶ 7. Yet *Geisler*, rather than conclude its discussion at that point, engaged in an analysis analogizing mandamus

---

[3] Some cases have muddied this distinction somewhat. Both *Bealler* and *Dewey*, use the terms "jurisdiction" and "venue" without appearing to distinguish between them. *Dewey* at ¶ 7; *Bealler* at *1-2.

actions to habeas corpus actions. *Id.* at ¶ 8-10. That is, *Geisler* concluded that just as a habeas corpus petition must be brought in the county where the correctional institution is located, a mandamus case seeking to compel action by prison officials must be brought in the county where the prison is located because appellate courts "lack the authority" to issue orders to officials located beyond the courts' "territorial jurisdiction," ignoring the distinction between the statutory and constitutional provisions for original actions governing habeus corpus and mandamus. *Id.* at ¶ 9-10. This inattention to the statutory differences between mandamus and habeus corpus, underpinned by the provision of general power by the state constitution, has misdirected subsequent courts in the search for proper analysis of jurisdiction and venue questions in mandamus actions. *Id.* in passim; *compare* R.C. 2725.03 *with* R.C. 2731.01 et seq. *Geisler's* conclusions are therefore flawed and should not have been followed.

{¶ 10} In just one published decision of this Court have we confronted the question of what to do when a writ of mandamus is sought to order actions by entities outside the territorial boundaries of the Tenth Appellate District. *Simpson* at ¶ 12. In that case, without any analysis, and citing only to *Geisler*, we concluded that we lacked jurisdiction and dismissed. *Id.* Given the problems with *Geisler* and *Simpson's* complete reliance on *Geisler*, the question is whether we should now overrule *Simpson*.

{¶ 11} The Supreme Court of Ohio has explained that a prior decision "may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 48. Despite the fact that *Galatis*, by its terms, applied only to the standard for the Supreme Court to overrule itself, we have applied it when considering whether to overrule our own decisions also. *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 22-29. "However, because we are concerned here with a procedural, as opposed to a substantive, rule, stare decisis plays a reduced role, and we need not apply the *Galatis* standard." *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, ¶ 10, citing *State v. Silverman*, 121 Ohio St.3d 581, 2009-Ohio-1576, ¶ 31-33. Rather, we instead recognize " '[i]t does no violence to the legal doctrine

of stare decisis to right that which is clearly wrong. It serves no valid public purpose to allow incorrect opinions to remain in the body of our law.' " *Galatis* at ¶ 60, quoting *State ex rel. Bd. of Cty. Commrs. of Lake Cty. v. Zupancic*, 62 Ohio St.3d 297, 300 (1991).

{¶ 12} Because the holding in *Geisler* was dicta, because it failed to consider the extent of the Ohio Constitution's grant of original jurisdiction to appellate courts, and because it inappropriately analogized habeas corpus actions (where there is a statutory territorial limitation) to mandamus actions (where there is none), we find that we should not have relied on *Geisler*. We accordingly overrule *Simpson*, 2008-Ohio-4357. We also note that the inmate in *Simpson* named the warden of the Warren Correctional Institution as the respondent, whereas in this case, Russell has sought a writ only against ODRC. *Compare* Apr. 6, 2017 Petition *with Simpson* at ¶ 1. Thus, even if *Simpson* were good law, it would not prevent us from having jurisdiction to issue a writ to ODRC ordering ODRC to compel action by the appropriate out-of-district prison officials.

## B. The Remedy to be Applied

{¶ 13} In light of the conclusions above, we interpret ODRC's argument that the case should have been brought in the county where the events occurred (Pickaway County) as a request for a change of venue. (May 8, 2017 Mot. to Dismiss at 4-5.) Although the party sued in this case (ODRC) is within Franklin County, we recognize that the caselaw is generally in agreement that a case of this kind should be heard in the county where the events occurred. *Miles* at ¶ 1-4; *Harris* at ¶ 2-4; *Robertson* at *2-3; *Davis* at 570; *Bickerstaff* at *1-3; *Cook* at 188-89. Thus, though we do not lack jurisdiction, we find the location where the events occurred is a more appropriate venue for this action to be heard. We accordingly transfer the case to the appellate district encompassing Pickaway Correctional Institution—the Fourth District Court of Appeals. R.C. 2501.01(D); Civ.R. 3(C)(3) and (D)(1).

## III. CONCLUSION

{¶ 14} Under the Ohio Constitution we, and other Ohio appellate districts, have original jurisdiction over actions seeking writs of mandamus. Although Russell sued ODRC and only ODRC, we find, on motion of ODRC, that the more appropriate venue in which to hear this action is the county where it occurred—Pickaway County. Accordingly, we decline

to adopt the decision of the magistrate dismissing the action for want of jurisdiction and instead we transfer the case to the Fourth District Court of Appeals.

*Magistrate decision not adopted;*
*case transferred to the*
*Fourth District Court of Appeals.*

KLATT, P.J., concurs.
SADLER, J., concurs in judgment only.

SADLER, J., concurring in judgment only.

{¶ 15} I agree with the majority that jurisdiction exists in this case and that this matter should be transferred to the Fourth District Court of Appeals based on venue principles. However, as noted by the majority, ODRC is the only named respondent; therefore, this case is factually distinguishable from *State ex rel. Simpson v. Jackson*, 10th District No. 08AP-241, 2008-Ohio-4357, and not applicable to the facts of this case. Accordingly, in my view, the majority need not address *Simpson* in resolving this matter, and I concur in judgment only.

————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Mark Russell, | : | |
| Relator, | : | |
| v. | : | No. 17AP-240 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 30, 2017

*Mark Russell,* pro se.

*Michael DeWine,* Attorney General, and *Ina Avalon,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 16} Relator, Mark Russell, has filed this original action, requesting this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to hold a Use of Force hearing regarding allegations relator made concerning the action taken by an officer at the Noble Correctional Institution.

Findings of Fact:

{¶ 17} 1. Relator is an inmate currently incarcerated at Warren Correctional Institution.

{¶ 18} 2.   In his mandamus complaint, relator alleges that while he was at Pickaway Correctional Institution, a correction officer from the Noble Correctional Institution deployed a chemical agent to his face during a shakedown and that he is entitled to a Use of Force hearing based on this incident.

{¶ 19} 3.   Respondent has filed a motion to dismiss arguing that this court does not have territorial jurisdiction over this action because the alleged incident took place at the Pickaway Correctional Institution, which is located within the territorial boundaries of Pickaway County, not Franklin County.

{¶ 20} 4.   Relator has filed a motion in opposition to respondent's motion to dismiss arguing that Franklin County is the proper county because ultimately, ODRC is responsible for the actions of corrections officers and ensuring prisons afford prisoners hearings. Relator also filed a motion to strike the submission of *State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 17AP-125 (June 20, 2017) (memorandum decision) to a panel of this court.

{¶ 21} 5.   The matter is currently before the magistrate.

Conclusions of Law:

{¶ 22} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion to dismiss and deny relator's motion to strike.

{¶ 23} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).  In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party.  *Id.*

{¶ 24} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery.  *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975).  As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted

against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995).

{¶ 25} Respondent correctly argues that this court lacks territorial jurisdiction over this mandamus action because, although relator named ODRC as a party, he is actually attempting to compel either Pickaway Correctional Institution (where the alleged action occurred) or Warren Correctional Institution (where he is currently incarcerated) to conduct a Use of Force hearing based on this incident. Any hearing would be conducted at either Pickaway Correctional Institution or Warren Correctional Institution. *State ex rel. Simpson v. Jackson,* 10th Dist. No. 08AP-241, 2008-Ohio-4357. Neither is located in Franklin County. Further, relator's motion to strike was not filed in the proper case and, regardless, on June 20, 2017, this court issued its decision in Case No. 17AP-125.

{¶ 26} Accordingly, for the above reasons, it is the magistrate's decision this court should deny relator's motion to strike and grant respondent's motion to dismiss this mandamus action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).